601 A.2d 1261

COMMONWEALTH of Pennsylvania

v.

Daniel J. ECK, Appellant.

COMMONWEALTH of Pennsylvania

v.

Michael P. LENKER, Appellant.

COMMONWEALTH of Pennsylvania

v.

June HILL, Appellant.

COMMONWEALTH of Pennsylvania

v.

Eugene KELLY, Appellant.

COMMONWEALTH of Pennsylvania

v.

James FLEMING, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 31, 1991.

Filed Jan. 21, 1992.

Joseph K. Cottrell, Philadelphia, for appellants.

Nancy L. Butts, Asst. Dist. Atty., Williamsport, for Com.

Before ROWLEY, President Judge, and CAVANAUGH, WIEAND, CIRILLO, OLSZEWSKI, KELLY, JOHNSON, HUDOCK and FORD ELLIOTT, JJ.

CIRILLO, Judge:

These five appeals are from judgments of sentence entered in the Court of Common Pleas of Lycoming County following convictions for violation of 75 Pa.C.S. § 3731 (Driving under the influence of alcohol or controlled substance) (DUI). The issue raised in each case is whether the sentencing court used the proper method for determining a conviction of a prior offense for purposes of applying the enhancement provisions of 75 Pa.C.S. § 3731(e). This issue has been addressed by our supreme court in *Commonwealth v. Kimmel*, 523 Pa. 107, 565 A.2d 426 (1989), and more recently by this court en banc in *Commonwealth v. Beatty*, 411 Pa.Super. 450, 601 A.2d 1253 (1992) and *Com-*

*monwealth v. Tobin,* 411 Pa.Super. 460, 601 A.2d 1258 (1992).

Section 3731 of the Motor Vehicle Code provides:

**(e) Penalty.—**

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iii) not less than 90 days if the person has twice previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iv) not less than one year if the person has three times previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

75 Pa.C.S. § 3731(e)(1). The facts of these cases are as follows:

APPEAL OF DANIEL ECK

In 1987, Daniel Eck was admitted to the Accelerated Rehabilitative Disposition Program (ARD), *see* Pa.R.Crim.P. 160–186, in 1987 for his first DUI violation.[1] Eck committed a second DUI offense on April 5, 1989, and a third on April 19, 1989. On July 20, 1989 he committed a fourth DUI offense. In August of 1989, Eck was convicted and sentenced to a minimum term of thirty days imprisonment for his second offense pursuant to 75 Pa.C.S. § 3731(e)(1)(ii). Two months later, on October 16, 1989, Eck

---

1. Acceptance into the ARD program constitutes a prior conviction under 75 Pa.C.S. § 3731(e). *See Commonwealth v. Becker,* 366 Pa.Super. 54, 530 A.2d 888 (1987).

entered guilty pleas for his third and fourth DUI offenses. On March 8, 1990, Eck was sentenced to a minimum of 90 days imprisonment for his third DUI offense, *see* 75 Pa.C.S. § 3731(e)(1)(iii), and to a minimum term of one year imprisonment on his fourth DUI offense. 75 Pa.C.S. § 3731(e)(1)(iv).

## APPEAL OF MICHAEL LENKER

Michael Lenker was convicted of a DUI offense in 1985. Lenker committed a second DUI offense on July 2, 1989 and a third offense on July 3, 1989. On November 30, 1989, Lenker entered a guilty plea for his second offense; on December 5, 1989 he entered a guilty plea for his third offense. In March of 1990 Lenker was sentenced to a minimum term of imprisonment of thirty days for his second DUI offense, 75 Pa.C.S. § 3731(e)(1)(ii), and to a minimum term of ninety days imprisonment for his third DUI offense. 75 Pa.C.S. § 3731(e)(1)(iii).

## APPEAL OF JUNE HILL

Appellant June Hill committed her first DUI offense on August 23, 1989 and her second DUI offense on October 23, 1989. On February 13, 1990, Hill entered guilty pleas to both charges. On March 28, 1990, Hill was sentenced to forty-eight hours imprisonment for the first conviction, 75 Pa.C.S. § 3731(e)(1)(i), and to a minimum term of thirty days imprisonment for the second offense. 75 Pa.C.S. § 3731(e)(1)(ii).

## APPEAL OF EUGENE KELLY

Appellant Eugene Kelly committed his first DUI offense on June 29, 1988 and a second offense on August 28, 1988. He entered guilty pleas to both offenses on January 10, 1989. On January 29, 1990 Kelly was sentenced to forty-eight hours imprisonment for his first offense, 75 Pa.C.S. § 3731(e)(1)(i), and to a minimum of thirty days imprisonment for his second offense. 75 Pa.C.S. § 3731(e)(1)(ii).

## APPEAL OF JAMES FLEMING

Appellant James Fleming committed his first DUI offense on June 28, 1989 and a second offense on August 24, 1989.

On January 9, 1990, Fleming pled guilty to both offenses. Fleming was sentenced on April 18, 1990 to forty-eight hours imprisonment for the first offense, 75 Pa.C.S. § 3731(e)(1)(i), and to a minimum of thirty days imprisonment for his second offense. 75 Pa.C.S. § 3731(e)(1)(ii).

In each of these cases the sentencing court incorrectly applied the enhancement penalty provisions of 75 Pa.C.S. § 3731(e)(1)(i)–(iv), determining each appellant's recidivist status as of the date of *sentencing* rather than the date of the subsequent *offense.* Appellant Eck was sentenced to a minimum of one year imprisonment for his fourth offense pursuant to section 3731(e)(1)(iv), the enhanced penalty for three prior convictions, although at the time of his fourth offense he had only two prior convictions. Appellant Lenker was sentenced to a minimum of ninety days imprisonment for his third DUI offense pursuant to section 3731(e)(1)(iii), the enhanced penalty for two prior convictions, but had only one prior conviction at the time of his third offense. Appellant Hill was sentenced to a minimum of thirty days imprisonment for his second DUI offense, the enhanced penalty for one prior conviction pursuant to section 3731(e)(1)(ii), but at the time of his second offense he had no prior convictions. Similarly, appellants Kelly and Fleming were sentenced to thirty-day minimum terms of imprisonment for second offenses, and neither Kelly nor Fleming had a prior conviction at the time of the second offense.

Pursuant to our supreme court's decision in *Commonwealth v. Kimmel,* 523 Pa. 107, 565 A.2d 426 (1989), recidivist status is determined from the date of the offense for which the person is being sentenced. Our supreme court stated:

"Violating" in the common usage of the term refers to the time when the offensive conduct takes place, and it should not be confused with the point where the judicial process judges a violator to be accountable and then administers its punishment in accordance with due process. *We read Section 3731(e)(1) ... as meaning*

*exactly what it says: a present violation and a previous conviction constitute the look-back period. The plain meaning of the statute affords no other interpretation.*

*Kimmel,* 523 Pa. at 111, 565 A.2d at 428 (emphasis added).

Accordingly, the judgments of sentence are vacated and the cases are remanded for resentencing.[2] *See Commonwealth v. Beatty,* 411 Pa.Super. 450, 601 A.2d 1253 (1992); *Commonwealth v. Tobin,* 411 Pa.Super. 460, 601 A.2d 1258 (1992). *See also Commonwealth v. Cozzone,* 406 Pa.Super. 42, 593 A.2d 860 (1991); *cf. Commonwealth v. Eyster,* 401 Pa.Super. 477, 585 A.2d 1027 (1991) (en banc); *Commonwealth v. Dickerson,* 404 Pa.Super. 249, 590 A.2d 766 (1991). Jurisdiction is relinquished.

HUDOCK, J., files a dissenting statement.

HUDOCK, Judge, dissenting:

Respectfully, I dissent. *See Commonwealth v. Beatty,* 411 Pa.Super. 450, 601 A.2d 1253 (Hudock, J., dissenting).

---

**2.** As this court stated in *Commonwealth v. Dickerson,* 404 Pa.Super. 249, 590 A.2d 766 (1991), our holding is not meant to suggest that the sentencing court, when fashioning an appropriate sentence for the second offense, cannot consider the fact of the prior offense. 404 Pa.Super. at 261 n. 5, 590 A.2d at 772 n. 5. " 'Prior *connections,* of whatever nature, with law enforcement authorities are unquestionably among the circumstances to be scrutinized [in sentencing].' " *Commonwealth v. Wolfe,* 349 Pa.Super. 415, 442, 503 A.2d 435, 439 (1986) (quoting *Commonwealth v. Lupatsky,* 341 Pa.Super. 338, 340, 491 A.2d 845, 847 (1985)).