636 A.2d 183

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Tyrone WILLIAMS, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1993.

Filed Dec. 30, 1993.

Hugh Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellant.

Stanley R. Krakower; Philadelphia, for appellee.

Before ROWLEY, President Judge, and McEWEN, CIRILLO, OLSZEWSKI, DEL SOLE, BECK, TAMILIA, KELLY and JOHNSON, JJ.

DEL SOLE, Judge:

Through this appeal, the Commonwealth asks us to determine whether Appellee's judgment of sentence is illegal because it violates the mandates of 18 Pa.C.S.A. § 7508(a)(3)(i) (Supp.1992), of the Crimes Code, entitled, "Drug trafficking sentencing and penalties"[1].

1. The subsection reads as follows:
   A person who is convicted of violating section 13(a)(14), (30), or (37) of the Controlled Substance, Drug, Device and Cosmetic Act where

The facts of this case reveal that Appellee was charged with three drug trafficking offenses. The first offense took place on November 2, 1988, when Appellee was found in possession of 4.3 grams of cocaine. Thereafter, on May 21, 1991, Appellee was arrested for possessing another 6.14 grams of cocaine and on May 26, 1991, he committed his third drug trafficking offense which involved less than 2 grams of the substance. On August 14, 1991, Appellee entered a guilty plea with regard to his third offense and on October 11, 1991, he pleaded guilty to the first and second offenses. The three cases were then consolidated for sentencing and on November 26, 1991, Appellee was sentenced. For his second offense, Appellee received a sentence of a minimum term of imprisonment of two to five years and was ordered to pay a fine of five thousand dollars. The trial court then imposed the same sentence, to run concurrent, for Appellee's first offense.[2]

the controlled substance is cocoa leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecogine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
(i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000.00 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000.00 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;
As amended December 19, 1990, P.L. 1451, No. 219, § 4, 18 Pa.C.S.A. § 7508(a)(3)(i) (Supp.1992).

2. We note that there is a discrepancy between the sentence reflected, for Appellee's first offense, in the Sentencing Transcript and as written in the trial court's Opinion and Order. For purposes of the discussion of the facts of this case, we have relied, as have both parties, on the trial court's two to five year judgment of sentence which appears in its written Order. This endorsement appears on the back of the Information and is dated the same date as the sentencing hearing. *Commonwealth v. Isabell*, 503 Pa. 2, 467 A.2d 1287 (1983), *Commonwealth v. Fleming*, 332 Pa.Super. 118, 480 A.2d 1214 (1984).

The Commonwealth urges this court to vacate Appellee's judgment of sentence, which was imposed in relation to his second offense. It claims that the sentence is illegal because the trial court, in determining the sentence, erred in failing to apply the mandatory minimum sentencing provision contained in 18 Pa.C.S.A. § 7508(a)(3)(i).

Appellee counters the Commonwealth's argument by stating that because he had not been adjudicated guilty of any one of his offenses, prior to the commission of any subsequent offense(s), the section is wholly inapplicable. Appellee sets forth various arguments to support his position. First, Appellee directs our attention to the fact that 18 Pa.C.S.A. § 7508(a)(3)(i) was amended in December, 1990, after the date of the commission of his first offense. Appellee argues that under the pre-amendment version of the statute, his first offense could not have served to enhance his second offense because he had not been convicted and sentenced for the first offense at the time of the commission of his second offense. Ultimately, Appellee asks us to adopt the position that, "a pre-amendment case may not form the basis for enhancement of a post-amendment case." (Appellee's brief at 8). By advancing these arguments, however, Appellee ignores the express language of the statute.

18 Pa.C.S.A. § 7508(a)(3)(i) is a mandatory sentencing provision which specifically states that, "if *at the time of sentencing* the defendant has been convicted of another drug trafficking offense [emphasis added]", a mandatory minimum sentence of three years is appropriate. This language clearly directs the sentencing court to determine, at the time of sentencing, whether the defendant has a previous conviction under the Controlled Substance, Drug, Device and Cosmetic Act [3], and if so, to impose the mandatory minimum sentence. We also direct Appellee's attention to the fact that the legislature has

In addition, we note that Appellee also received a sentence of one to two years for his third offense. This sentence, however, is not the subject of the present appeal.

**3.** The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–113(a)(14), (30), (37).

specifically defined the term, "previous conviction", as it is used throughout Section 7508.

(a.1) **Previous conviction.**—For purposes of this section, it shall be deemed that a defendant has been convicted of another drug trafficking offense when the defendant has been convicted of another offense under section 13(a)(14), (30) or (37) of the Controlled Substance, Drug, Device and Cosmetic Act, or of a similar offense under any statute of any state or the United States, *whether or not judgment of sentence has been imposed concerning that offense.*

As amended December 19, 1990, P.L. 1451, No. 219, § 4, 18 Pa.C.S.A. § 7508(a.1). [emphasis added].

■ With this language in mind, we turn to the facts of the present case. At the time of sentencing for Appellee's second offense, which involved 6.1 grams of cocaine, Appellee had been previously convicted, as defined in Section 7508(a.1), of violating the Controlled Substance, Drug, Device and Cosmetic Act, (i.e. for the possession of 4.3 grams of cocaine). Therefore, in accordance with the express language of the statute, we find that the trial court erred in failing to impose upon Appellee, the mandatory minimum sentence.

■ In addition, we cannot adopt Appellee's position that a pre-amendment offense cannot serve as an enhancer for a post-amendment offense. The focus in the present case is on Appellee's record as it appeared at the time of sentencing for his second offense. At that time, the conviction that resulted from the commission of Appellee's first offense, clearly fit within the definition of "previous conviction". While it is true that the sentencing court could not have applied the post-amendment version of the statute in sentencing Appellee for his first offense, which occurred prior to the effective date of the amendment, it is also true that that is not the issue here. Appellee's first offense was on record as another conviction that existed at the time of Appellee's sentencing on the second offense and, under the amended statute, could properly be considered as a factor requiring sentencing enhancement for his second offense.

We also note that, as part of this argument, Appellee makes a passing reference that application of Section 7508(a)(3)(i) may deprive defendants of equal protection under the law. Appellee does not develop this theory and therefore, we can only state that we fail to see how application of the amended version of the statute would cause the result suggested by Appellee. It is clear that the provision is to be uniformly applied to all defendants subject to it at the time of sentencing.

Accordingly, we vacate Appellee's judgment of sentence for his second offense at Bill No. 927, June Term 1991, and remand this matter to the trial court for the purposes of resentencing Appellee with respect to that charge.

Jurisdiction relinquished.

CIRILLO, J. files a concurring & dissenting Opinion.

JOHNSON, J. files a dissenting Opinion which KELLY, J. joins.

CIRILLO, Judge, concurring and dissenting:

I do not dispute the majority's interpretation of the language set forth in the recently amended 18 Pa.C.S.A. § 7508(a)(3)(i). Clearly, the 1990 version of this statute compels a mandatory minimum sentence of three years "if at the time of sentencing the defendant has been convicted of another drug trafficking offense." 18 Pa.C.S.A. § 7508(a)(3)(i). I note my opposition, however, to the effect this amendment has on the result of this case and future enhanced penalty cases, as I believe such language has eroded the spirit of the recidivist philosophy.

I submit, instead, that we adhere to the following reasoning in determining whether or not to apply the enhancement provision found in section 7508(a):

It was not intended that the heavier penalty prescribed for the commission of a second offense should descend upon anyone except the incorrigible one, who after being reproved, "still hardeneth his neck." If the heavier penalty

prescribed for the second violation ... is visited upon the one who has not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost.

*Commonwealth v. Kane,* 430 Pa.Super. 203, 204, 633 A.2d 1210, 1211 (1993) (en banc) (quoting *Commonwealth v. Sutton,* 125 Pa.Super. 407, 413, 189 A. 556, 558 (1937)); *see also Commonwealth v. Tobin,* 411 Pa.Super. 460, 463–464, 601 A.2d 1258, 1260 (1992), *aff'd,* 533 Pa. 322, 623 A.2d 814 (1993); *Commonwealth v. Dickerson,* 404 Pa.Super. 249, 590 A.2d 766 (1991), *aff'd,* 533 Pa. 294, 621 A.2d 990 (1993). This long-standing notion underlying habitual criminal legislation suggests that a prior conviction shall precede the date of the offense for which the increased punishment is sought to be imposed. In other words,

[l]egislation authorizing the imposition of increased punishment on recidivists is directed at those who persist in criminality after once having been convicted of an offense. It is thus generally essential that the alleged conviction shall have preceded the date of the offense for which the increased punishment is sought to be imposed.

*Dickerson,* 404 Pa.Super. at 259, 590 A.2d at 771 (quoting 39 Am.Jur.2d Habitual Criminals § 6).

While I recognize that the reasoning behind the recidivist philosophy has been borrowed from cases interpreting statutes different than the one at issue here, it is essential, in my opinion, that we remain consistent in our interpretation of penalty enhancement provisions. *See Kane, supra* (applying the pre-amendment section 7508, a defendant must be convicted of the prior offense before the commission of the subsequent offense for an enhanced sentence to attach); *Commonwealth v. Beatty,* 411 Pa.Super. 450, 601 A.2d 1253 (1992) (en banc), *aff'd,* 533 Pa. 322, 623 A.2d 814 (1993) (when determining penalty enhancement under 75 Pa.C.S. § 3731(e)(1), the sentencing court must utilize the date of the offense for which defendant is to be sentenced and determine the number of prior convictions as of that date); *Tobin, supra* (same); *Commonwealth v. Eck,* 411 Pa.Super. 465, 601 A.2d 1261 (1992) (en banc), *alloc. denied,* 533 Pa. 607, 618 A.2d 398 (1992) (same);

*Dickerson, supra* (for prior conviction to serve as an enhancer under 42 Pa.C.S.A. § 9714, the conviction must precede the commission of a later offense); *Commonwealth v. Eyster,* 401 Pa.Super. 477, 585 A.2d 1027 (1991) (en banc), *appeal denied,* 529 Pa. 646, 602 A.2d 857 (1992) (pursuant to 42 Pa.C.S.A. § 2154, in order for a prior conviction to apply to the prior record score for sentencing purposes, one must have been previously convicted for a crime committed before the current offense, whether or not a sentence has been imposed on the prior offense).

The clear spirit of the recidivist philosophy, as evidenced by the foregoing authority, dictates that the new section 7508(a) be applied in the same fashion. The uniform application of recidivist provisions would undoubtedly serve to ensure continuity, efficiency, and stability in our judicial decision-making. Surely this is a goal which would benefit both the judiciary and society as a whole.

Thus, in adhering to the underlying purpose of the recidivist philosophy as interpreted by the appellate courts of Pennsylvania, I would affirm Williams' judgment of sentence, which does not include an enhanced penalty.

JOHNSON, Judge, dissenting:

The defendant, Tyrone Williams, had pled guilty to other offenses committed by him within Philadelphia County, and he was sentenced on all the offenses at one time. I believe the Commonwealth's attempt to increase the aggregate minimum sentence from two years' to three years' incarceration on this appeal does absolutely nothing to increase the protection of the public and, indeed, flies in the face of the clear spirit of Pennsylvania Rules of Criminal Procedure, Rule 1402.

Moreover, Williams was not found guilty, that is to say: convicted, of the prior offense until well after the commission of the subsequent offense. All three offenses were committed well before Williams entered his guilty plea to even the first offense. The recidivist enhancement provisions of 18 Pa.C.S. § 7508(a)(3)(i) may not, therefore, be applied. *Commonwealth*

*v. Kane,* 430 Pa.Super. 203, 633 A.2d 1210 (1993). *See and compare Commonwealth v. Dickerson,* 404 Pa.Super. 249, 590 A.2d 766 (1991), *affirmed* 533 Pa. 294, 621 A.2d 990 (1993).

I would affirm the judgment of sentence on the well-reasoned Opinion of the Honorable Arnold L. New. Hence, this dissent.

KELLY, J., joins.