637 A.2d 997

**COMMONWEALTH of Pennsylvania**

**v.**

**Julio RIVERA, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1993.

Filed Feb. 14, 1994.

Marc Neff, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com. appellee.

Before ROWLEY, President Judge, and McEWEN, CIRILLO, OLSZEWSKI, DEL SOLE, BECK, TAMILIA, KELLY and JOHNSON, JJ.

TAMILIA, Judge:

This is an appeal from the judgment of sentence entered February 10, 1992. Appellant, Julio Rivera, was found guilty in a nonjury trial of possession with intent to deliver a controlled substance [1] and criminal conspiracy.[2] Following the denial of post-trial motions, and pursuant to the mandatory minimum sentence provisions of 18 Pa.C.S. § 7508, the trial court sentenced appellant to a term of seven (7) to fourteen (14) years imprisonment, and fined him $50,000 on the drug

1. 35 P.S. § 780–113(a)(30).
2. *Id.,* 18 Pa.C.S. § 903.

charge, and a consecutive term of six (6) years probation on the conspiracy charge. We affirm.

The facts of this case, as stated by the trial court, are as follows.

On May 17, 1991, at about 7:40 p.m., Officer Willie Jones, a plainclothes member of the Philadelphia Police Department's Narcotics Unit arrived in the 2900 block of North Philip Street, driving an unmarked vehicle. Officer John Brennan, also of the Narcotics Unit, had just established a surveillance post at Cambria and Philip Streets, from which he could see the entire 2900 block of Philip Street, looking north from his location.

Officer Jones stopped his car in the middle of the block, and was approached by several Hispanic males, including a Mr. Guzman, and Mr. Baretto, and the Defendant, Julio Rivera.

According to Officer Jones, he told Mr. Baretto that he wanted to buy a kilogram of cocaine, and displayed what he said was $27,000.00 with which to pay for it. Mr. Baretto then allegedly called Mr. Guzman, his "boss," over to the car, whereupon further conversation ensued, the upshot of which was that Officer Jones would leave and return in 10 or 15 minutes to make the purchase.

When Officer Jones returned to the block, Mr. Baretto got into the car, and they proceeded downed [sic] the block to a garage, which Mr. Baretto and Mr. Guzman entered, returning with about an ounce of what Officer Jones believed to be powdered cocaine. Officer Jones stated that he didn't want anything other than the kilogram of cocaine, and Mr. Baretto and Mr. Guzman returned the white powder to the garage.

Shortly thereafter, a brown four-door car pulled up and stopped. Mr. Guzman reached inside and picked up a "rectangular shaped object, in blue and green wrapping," and handed it to the Defendant. The Defendant then allegedly ran over to a vacant lot, where he placed the package under the front seat of a two-door brown Toyota

located there. Mr. Baretto and Officer Jones went to this Toyota, where Mr. Baretto retrieved the parcel, showed it to Officer Jones, and requested $2,000.00, presumably as a down payment on the kilo. When Officer Jones went back to his car, ostensibly to get the money, he put on his emergency flashers, a pre-arranged signal to his back-up units, which arrived on the scene and arrested everyone concerned.

The contents of the blue-green package were field-tested positive for cocaine, which result was later verified by the police laboratory.

(Slip Op., Goodheart, J., 5/12/92, pp. 1–3; footnote omitted.)

■ Appellant first argues in this appeal that the evidence was insufficient to sustain the verdicts. Appellant contends the "record is devoid of any evidence that [appellant] knew or should have known the contents of the package." This Court's standard of review for "sufficiency of the evidence" claims views the evidence in the light most favorable to the Commonwealth as verdict winner, and accepts as true all evidence and all reasonable inferences therefrom, which, if believed, properly could support the verdict. *Commonwealth v. Harper*, 416 Pa.Super. 608, 611 A.2d 1211 (1992).

When viewed in this light, we find this claim entirely without merit. The evidence clearly established that the individuals arrested were involved in a plan to sell a kilo of cocaine to the undercover officers, and that appellant was a member of that conspiracy. An agreement sufficient to establish a conspiracy can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. *Commonwealth v. French*, 396 Pa.Super. 436, 578 A.2d 1292 (1990). In fact, the Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence, so long as the inferred facts flow, beyond a reasonable doubt, from the proven facts to establish the accused's guilt or elements of the crime. *Commonwealth v. Paschall*, 333 Pa.Super. 323, 482 A.2d 589 (1984). Where, as here, the

evidence established appellant was a willing member of a conspiracy to deliver cocaine, and fled when police approached, appellant's knowledge of the contents of the package he delivered may be inferred, and the evidence was sufficient to sustain the verdicts.

■ The second claim presented by appellant, which brings this case before this Court *en banc,* is that the trial court erred in sentencing appellant to a seven-year mandatory term for a "subsequent" drug offense under the sentence enhancement provisions of the Crimes Code. We disagree.

The parties do not dispute any of the following. Appellant was arrested in or about August, 1990 and charged with possession with intent to deliver cocaine. Thereafter, on May 17, 1991, appellant was charged with the instant offenses. Appellant pled guilty to the August, 1990 charge on July 29, 1991, and was sentenced on that date. Appellant was convicted on the instant charges on November 27, 1991, and sentenced on February 3, 1992.

The Crimes Code, 18 Pa.C.S. § 7508, Drug trafficking sentencing and penalties, provides, *inter alia:*

(a) General rule.—*Notwithstanding any other provisions of this or any other act to the contrary,* the following provisions shall apply:

\* \* \* \* \* \*

(3) A person who is convicted of violating section 13(a)(14), (30) or (37) of the Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecqunine shall, upon conviction, be

sentenced to a *mandatory minimum term of imprisonment* and a fine as set forth in this subsection:

\* \* \* \* \* \*

(iii) when the aggregate weight of the compound or mixture of the substance involved is at least 100 grams; four years in prison and a fine of $25,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, *if at the time of sentencing the defendant has been convicted of another drug trafficking offense:* seven years in prison and $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

*Id.,* § 7508(a)(3)(iii) (emphasis added). Section 7508 goes on to provide:

**(a.1) Previous conviction.**—For purposes of this section, it shall be deemed that a defendant has been convicted of another drug trafficking offense when the defendant has been convicted of another offense under section 13(a)(14), (30) or (37) of the Controlled Substance, Drug, Device and Cosmetic Act, or of a similar offense under any statute of any state or the United States, whether or not judgment of sentence has been imposed concerning that offense.

*Id.*

The above statute was amended, effective December 19, 1990. Prior to amendment, section 7508(a)(3)(iii) read as follows:

(iii) upon the first conviction when the amount of the substance involved is at least 100 grams; four years in prison and fine of $25,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity and, *upon conviction of another offense subject to sentencing under this section:* seven years in prison and $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

*Id.* (emphasis added).[3] The December, 1990 amendment, as emphasized above, requires a substantially different interpretation of the application of sentence enhancement and recidivist 'sentences from the pre-amendment statute.

The precise issue presented in this case has been dealt with in two other recent en banc decisions of this Court. *See Commonwealth v. Tyrone Williams,* 431 Pa.Super. 167, 636 A.2d 183 (1993); *Commonwealth v. Plass,* 431 Pa.Super. 251, 636 A.2d 637 (1994). Although *Williams* and *Plass* dealt with other violations of section 7508, their analysis of the statute is dispositive and controlling in this case as well.

The *Plass* Court stated:

> Up to this point, no court has discussed the particular interpretation of this statute which concerns us here. We are therefore guided by the Statutory Construction Act, 1 Pa.C.S.A. § 1901 *et seq.,* and must construe the statute in light of its plain language. *Id.,* § 1903. Moreover, "[w]hen determining the meaning of any particular recidivist statute or section, it is the language of that statute or section, and no other, which must be interpreted or [and] applied." *Commonwealth v. Gonzales,* 415 Pa.Super. 564, [574], 609 A.2d 1368, 1373 (1992). Here, the language of § 750(3)(i) is unambiguous. "If at the time of sentencing, the defendant has been convicted of another drug trafficking offense," the enhancement provisions apply.

*Id.* at 253, 636 A.2d at 638. In the present case, as in *Plass,* the parties do not dispute that appellant's first offense was "another offense" under the Controlled Substance, Drug, Device and Cosmetic Act which would trigger the recidivist provision in section 7508(a)(3)(iii) and (a.1), and that "at the

---

**3.** The trial court noted in its Opinion that this case was decided using the pre-amendment version of section 7508, due in part to the mistaken belief of both parties and the trial court that the amendments were enacted in 1991, rather than in 1990. This belief has been abandoned on appeal, and both parties' arguments are based on the amended section 7508, as is our decision. As a result, appellant's reliance on *Commonwealth v. Polanco,* 532 Pa. 599, 616 A.2d 1372 (1992), a pre-amendment case, is misplaced. In any event, the Supreme Court in *Polanco,* while reversing on other grounds, upheld this Court's interpretation of the legislative policy and intent underlying section 7508.

time of sentencing" for the present offense he was convicted of the first offense. "[W]e simply fail to see, under a plain reading of the statute, how the enhancement was inapplicable." *Id.* at 253, 636 A.2d at 638. We, therefore, reject appellant's claim that one must be arrested and convicted for the first offense prior to the arrest for the second offense in order to trigger the subsequent offense enhancement. The 1990 amendment above clearly eliminates the requirement that prior arrest and conviction occur before the subsequent arrest to trigger enhancement.

While never addressing how the plain language of section 7508 can be ignored, appellant does attempt to draw analogies between section 7508 and cases dealing with other recidivist statutes. *See Commonwealth v. Eyster*, 401 Pa.Super. 477, 585 A.2d 1027 (1991), *alloc. den.*, 529 Pa. 646, 602 A.2d 857 (1992) (sentencing guidelines); *Commonwealth v. Dickerson*, 533 Pa. 294, 621 A.2d 990 (1993) (violent crimes). *See also Commonwealth v. Beatty*, 411 Pa.Super. 450, 601 A.2d 1253 (1992) (*en banc*), *alloc. granted*, 531 Pa. 644, 612 A.2d 983 (1992).

This case, however, unlike *Eyster, Dickerson* and *Beatty*, contains express statutory language susceptible to no ambiguity, and phrased quite simply: "[I]f *at the time of sentencing* the defendant has been convicted of another drug trafficking offense...." 18 Pa.C.S. § 7508(a)(3)(iii) (emphasis added). *See Plass, supra* at 253, 636 A.2d at 638.

We find the thorough and well-reasoned decisions in *Plass* and *Williams, supra*, are controlling in this case, and require no further exposition by this Court.[4]

Judgment of sentence affirmed.

CIRILLO, J., files a concurring and dissenting opinion.

KELLY, J., files a concurring and dissenting opinion joined by CIRILLO and JOHNSON, JJ.

---

4. While we respect our colleagues' Concurring and Dissenting Opinions about "recidivist philosophy," it is our opinion that is a policy to be established by the Legislature and not this Court.

KELLY, Judge, concurring and dissenting:

I agree with the majority's conclusion that the evidence was sufficient in this case to sustain the guilty verdicts on the charges of criminal conspiracy and possession with intent to distribute a controlled substance. However, I part with the majority on the sentencing issue.

The statutory analysis espoused in *Commonwealth v. Dickerson*, 533 Pa. 294, 621 A.2d 990 (1993); *Commonwealth v. Beatty*, 411 Pa.Super. 450, 601 A.2d 1253 (1992) (*en banc*), *alloc. granted* 531 Pa. 644, 612 A.2d 983 (1992); and *Commonwealth v. Eyster*, 401 Pa.Super. 477, 585 A.2d 1027 (1991), *appeal denied*, 529 Pa. 646, 602 A.2d 857 (1992), that a "previous conviction" must precede a subsequent offense before the "previous conviction" can be used to enhance the sentence for the later offense, applies with equal vigor in the case at bar. Here, appellant committed his second offense before he was convicted for his first offense. Under these circumstances, I would vacate judgment of sentence and remand for resentencing. Hence, I respectfully dissent.

CIRILLO and JOHNSON, JJ., join.

CIRILLO, Judge, concurring and dissenting:

I join Judge Kelly in his concurring and dissenting opinion and add only the following: While I recognize that the reasoning behind the recidivist philosophy has been borrowed from cases interpreting statutes different than the one at issue here, it is essential, in my opinion, that we remain consistent in our interpretation of penalty enhancement provisions. *See Commonwealth v. Kane*, 430 Pa.Super. 203, 633 A.2d 1210 (1993) (en banc) (applying the pre-amendment section 7508, a defendant must be convicted of the prior offense before the commission of the subsequent offense for an enhanced sentence to attach); *Commonwealth v. Beatty*, 411 Pa.Super. 450, 601 A.2d 1253 (1992) (en banc), *aff'd*, 533 Pa. 322, 623 A.2d 814 (1993) (when determining penalty enhancement under 75 Pa. C.S. § 3731(e)(i), the sentencing court must utilize the date of the offense for which defendant is to be sentenced and determine the number of prior convictions as of that date); *Com-*

*monwealth v. Tobin,* 411 Pa.Super. 460, 601 A.2d 1258 (1992), *aff'd,* 533 Pa. 322, 623 A.2d 814 (1993) (same); *Commonwealth v. Eck,* 411 Pa.Super. 465, 601 A.2d 1261 (1992) (en banc), *alloc. denied,* 533 Pa. 607, 618 A.2d 398 (1992, Table) (same); *Commonwealth v. Dickerson,* 404 Pa.Super. 249, 590 A.2d 766 (1991), *aff'd,* 533 Pa. 294, 621 A.2d 990 (1993) (for prior conviction to serve as an enhancer under 42 Pa.C.S.A. § 9714, the conviction must precede the commission of a later offense); *Commonwealth v. Eyster,* 401 Pa.Super. 477, 585 A.2d 1027 (1991) (en banc), *appeal denied,* 529 Pa. 646, 602 A.2d 857 (1992) (pursuant to 42 Pa.C.S.A. § 2154, in order for a prior conviction to apply to the prior record score for sentencing purposes, one must have been previously convicted for a crime committed before the current offense, whether or not a sentence has been imposed on the prior offense).

The clear spirit of the recidivist philosophy, as evidenced by the foregoing authority, dictates that the amended section 7508(a) be applied in the same fashion. The uniform application of recidivist provisions would undoubtedly serve to ensure continuity, efficiency, and stability in our judicial decision-making. Thus, in adhering to the underlying purpose of the recidivist philosophy as interpreted by the appellate courts in Pennsylvania, I would join Judge Kelly's decision to vacate Rivera's judgment of sentence and remand for resentencing.