COMMONWEALTH of Pennsylvania,
Appellant

v.

Myheime BOYD, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 2, 2007.

Filed Dec. 14, 2007.

Patricia E. Coonahan, Norristown, for appellant.

Joseph Hylan, Norristown, for appellee.

BEFORE: DANIELS, J., McEWEN, P.J.E., and JOHNSON, J.

OPINION BY JOHNSON, J.:

¶ 1 The Commonwealth of Pennsylvania (the Commonwealth) appeals from the trial court's order denying its motion for reconsideration of sentence. The Commonwealth contends that the trial court erred in declining to impose the five year mandatory minimum sentence found in section 7508(a)(3)(ii) of the Crimes Code. *See* 18 Pa.C.S. § 7508 (Drug trafficking sentencing and penalties). Particularly, the Commonwealth asserts that the trial court erred in relying on *Commonwealth v. Shiffler*, 583 Pa. 478, 879 A.2d 185 (2005), to conclude that section 7508(a)(3)(ii) reflects a recidivist philosophy, is ambiguous and requires predicate convictions to be sequential to one another in order for the mandatory minimum to apply. According to the Commonwealth, the trial court misapprehended *Shiffler* because the rationale of that case

is limited to the statute it interprets, the three strikes law. *See* 42 Pa.C.S. § 9714. Instead, the Commonwealth contends that the Supreme Court's decisions in *Commonwealth v. Vasquez*, 562 Pa. 120, 753 A.2d 807 (2000), and *Commonwealth v. Williams*, 539 Pa. 249, 652 A.2d 283 (1994), control this matter since they interpret an identical mandatory minimum sentencing provision within the Crimes Code. The Commonwealth asserts that in *Vasquez* and *Williams,* the Supreme Court concluded that 18 Pa.C.S. section 7508(a)(3)(i) was unambiguous, rejected the recidivist rationale, and required only that the defendant be convicted of a prior offense at the time of sentence to trigger the mandatory minimum provision. Upon review, we find merit in the Commonwealth's contention. Therefore, we reverse the trial court's order and remand for re-sentencing in accordance with 18 Pa.C.S. section 7508(a)(3)(ii).

¶ 2 On August 28, 2003, Myheime Boyd (Boyd) delivered 12.06 grams of cocaine to a confidential informant. On October 4, 2005, Boyd entered into an open guilty plea to the charge of possession of cocaine with intent to deliver. The trial court deferred imposition of sentence and ordered the preparation of a pre-sentence investigation report. On September 26, 2005, the Commonwealth filed notice of its intention to seek the mandatory minimum sentence of five years imprisonment under 18 Pa.C.S. section 7508(a)(3)(ii). This provision applies when the illegal substance, cocaine, weighs over ten grams, but less than 100 grams, and the defendant, at the time of sentencing, was previously convicted of another drug trafficking offense under the Controlled Substance Act. *See* 18 Pa.C.S. § 7508(a)(3)(ii), (a.1). The Commonwealth argued that the mandatory minimum was applicable because on January 29, 2004, Boyd pled guilty to two drug related offenses, including the drug traf-

ficking offense of possession with intent to deliver, for criminal incidents that occurred on July 31, 2003, and September 4, 2003. *See* Brief for Appellant at Exhibit G; 18 Pa.C.S. § 7508(a.1) (stating that possession with intent to deliver is a drug trafficking offense for enhanced sentencing purposes under section 7508). Accordingly, the Commonwealth asserted that at the time of *sentencing,* Boyd was *convicted* of a prior drug trafficking offense as required by the plain language of section 7508(a)(3)(ii).

¶ 3 In response to the Commonwealth's intention to seek the mandatory minimum, Boyd argued that on August 28, 2003, the date on which he *committed* the offense at bar, he was not yet *convicted* of any violations of the Controlled Substance Act. As such, Boyd contended that pursuant to a recidivist theory of punishment, the mandatory minimum of section 7508(a)(3)(ii) should not apply. On January 24, 2006, the trial court declined to impose the mandatory minimum and sentenced Boyd to three to ten years' imprisonment for the crime of possession with intent to deliver. Relying on *Shiffler,* which interpreted the three strikes statute, the trial court concluded that section 7508 was ambiguously silent regarding whether the predicate drug trafficking offenses must be sequential, *i.e.,* commission, conviction, and service of sentence for the earlier crime(s) must occur before the commission, conviction and service of sentence for the later crime. Trial Court Opinion (T.C.O.), 6/12/07, at 5–6. Due to this ambiguity, and the recidivist philosophy in general, the trial court found that Boyd's convictions needed to be sequential if they were to count as predicate offenses for purposes of section 7508(a)(3)(ii). T.C.O., 6/12/07, at 6. Because Boyd committed the offense at issue on August 28, 2003, prior to his convictions on January 29, 2004, for the

predicate offenses, the trial court concluded that Boyd's previous convictions were not sequential; that is, Boyd was neither convicted nor sentenced for the predicate offenses at the time he committed his current offense. T.C.O., 6/12/07, at 6. Consequently, the trial court held that the mandatory five year sentence provided by section 7508 could not be imposed on Boyd. T.C.O., 6/12/07, at 6.

¶ 4 Thereafter, the Commonwealth appealed from the trial court's judgment of sentence. This Court quashed the appeal on the ground that it was filed while a motion for reconsideration remained pending before the trial court. On March 2, 2007, the trial court entered an order refusing to reconsider its sentence.

¶ 5 The Commonwealth now appeals to this Court, raising the following question for our review:

I. Did the trial court illegally sentence the appellee by not imposing the mandatory minimum sentence of five years?

Brief for Appellant at 4.

¶ 6 The Commonwealth's sole question on appeal contends that the trial court imposed an illegal sentence in failing to implement the statutory mandates of 18 Pa.C.S. section 7508(a)(3)(ii). Brief for Appellant at 8. "[A] defendant or the Commonwealth may appeal as of right the legality of the sentence." *Commonwealth v. Ausberry*, 891 A.2d 752, 754 (Pa.Super.2006) (quoting 42 Pa.C.S. § 9781(a)).

The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Leverette*, 911 A.2d 998, 1001–02 (Pa.Super.2006) (internal citations omitted).

¶ 7 The Commonwealth contends that the trial court committed an error of law in relying on *Shiffler* to conclude that the mandatory minimum sentence of 18 Pa. C.S. section 7508(a)(3)(ii) was inapplicable. Brief for Appellant at 9–10. The Commonwealth argues that *Shiffler* interpreted the three strikes law, 42 Pa.C.S. section 9714, and its rational does not extend to the drug trafficking sentencing provisions of 18 Pa.C.S. section 7508. Brief for Appellant at 10. To support its conclusion, the Commonwealth cites *Williams* and *Vasquez*, which interpreted section 7508(a)(3)(i), concluded that the provision's language was unambiguous, and rejected the philosophy of recidivist sentencing. Brief for Appellant at 11. Since *Williams* and *Vasquez* explicitly rejected the recidivist theory of punishment adopted in *Shiffler*, and interpreted a similar mandatory minimum provision within the same statute at issue in the case at bar, the Commonwealth concludes that *Williams* and *Vasquez* are the controlling authority in this matter. Brief for Appellant at 11. After review, we agree with the Commonwealth and conclude that the trial court applied the incorrect legal precedent.

¶ 8 In relevant part, the mandatory minimum sentencing provision implicated in this case states as follows:

(3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these

substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

\* \* \* \*

(ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $ 15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; *however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison* and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity[.]

18 Pa.C.S. § 7508(a)(3)(ii) (emphasis added). Additionally, "previous conviction" is defined as follows:

(a.1) **Previous conviction.**—For purposes of this section, it shall be deemed that a defendant has been convicted of another drug trafficking offense when the defendant has been convicted of another offense under section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act, or of a similar offense under any statute of any state or the United States, whether or not judgment of sentence has been imposed concerning that offense.

18 Pa.C.S. § 7508(a.1).

¶ 9 Prior to 1990, section 7508(a) of the drug trafficking sentencing statute required that the mandatory minimum be imposed for offenses "upon conviction." *See Commonwealth v. Jones,* 432 Pa.Super. 97, 637 A.2d 1001, 1006–07 (1994) (*en banc*). In construing this language, this Court has held that a mandatory minimum provision applies only in situations where the offenses were sequential to one another. *See id.* at 1007 (quoting *Commonwealth v. Kane,* 430 Pa.Super. 203, 633 A.2d 1210, 1211 (1993) (*en banc*) (stating that "[i]n order [for a defendant] to be subject to the recidivist penalty under this section, the *prior conviction must precede the current offense* for which the defendant is being sentenced.") (emphasis in original)). In 1990, however, our legislature amended the statute, rewriting the mandatory minimum provisions to apply if the defendant was convicted of an enumerated offense "at the time of sentencing," and inserting the definition of previous conviction found in section 7508(a.1). Given these legislative alterations, this Court has held that a mandatory minimum provision of the post–1990 version of the drug trafficking sentencing statute does not require the offenses to be sequential in order to impose the enhanced penalty. *See Jones,* 637 A.2d at 1007 (stating that under the language of the post-amendment version of the statute, a court must impose the mandatory minimum sentence if the defendant has a previous conviction at the time of sentence, "without regard to when the latter offense occurred.") (citation omitted).

¶ 10 Here, on January 29, 2004, Boyd pled guilty to possession with intent to deliver, 35 P.S. section 7820–113(a)(16), an offense listed as a previous conviction for purposes of receiving the mandatory minimum sentence found in 18 Pa.C.S. section 7508(a)(3)(ii). *See* 18 Pa.C.S. § 7508(a.1). In interpreting a post–1990 provision of the drug trafficking sentencing statute, 18 Pa.C.S. section 7508(a)(3)(i), which is virtually identical to the one at issue, our Supreme Court found that the language pertaining to the mandatory minimum was

clear and unambiguous and, thus, must be applied as written. *See Vasquez*, 753 A.2d at 809. *See also* 18 Pa.C.S. § 7508(a)(3)(i) ("[I]f at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison …"). As the Court in *Vasquez* explained:

> We are bound by the unambiguous language of the statute and cannot read language into it that simply does not apply. The wording of the statute is unambiguous, and clearly requires that as long as *at the time of sentencing,* a defendant 'has been convicted' of another qualifying 'offense,' the defendant shall receive the enhanced sentence.

753 A.2d at 809 (emphasis in original, internal citation omitted).

¶ 11 Similarly, in *Williams,* our Supreme Court rejected the appellant's argument that section 7508(a)(3)(i) should be interpreted so that in order for the mandatory minimum to apply, the defendant must be convicted of the predicate offense at the time he committed the current offense, not at sentencing. *See* 652 A.2d at 285. Rebuffing the appellant's reliance on the concept of a "recidivist philosophy," and stressing the plain, unambiguous language of the statutory provision, the Court stated:

> Appellant argues primarily that the purposes, policy, and philosophy underlying the recidivist sentence enhancement statutes cannot be applied unless the second offense is committed after conviction for the first, citing *Commonwealth v. Dickerson,* 533 Pa. 294, 621 A.2d 990 (1993); [remaining string citations omitted]. The theme of these cases is that the "point of sentence enhancement is to punish more severely offenders who have persevered in criminal activity despite the theoretically beneficial effects of penal discipline." *Dickerson,* 533 Pa. at 299, 621 A.2d at 992.

The *Dickerson* court quoted from *Commonwealth v. Sutton,* 125 Pa.Super. 407, 413, 189 A. 556, 558 (1937):

> It was not intended that the heavier penalty prescribed for the commission of a second offense should descend upon anyone, except the incorrigible one, who after being reproved, 'still hardeneth his neck.' If the heavier penalty prescribed for the second violation … is visited upon the one who has not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost.

*Id.* This view, often referred to as the "recidivist philosophy," is a valid policy. It was applied in *Dickerson, supra,* a case interpreting a different recidivist sentencing statute, to aid in resolving an ambiguity in the statute. All of the cases cited by appellant utilized the "recidivist philosophy" to construe recidivist sentence enhancement statutes which were ambiguous as to whether a prior conviction must have preceded commission of the second offense or whether the prior conviction merely must have preceded sentencing for the later offense. In other words, the philosophy is a valid tool in interpreting ambiguous statutory language.

The "recidivist philosophy," however, is not a constitutional principle or mandate, and the legislature is therefore free to reject or replace it when enacting recidivist sentencing legislation. If the legislature enacts a statute which clearly expresses a different application, the "recidivist philosophy" possesses no authority which would override clearly contrary statutory language.

The legislation in question contains no ambiguity at all. It says that "if at the time of sentencing the defendant has been convicted of another drug trafficking offense," he must receive an en-

hanced sentence. Appellant asks that we interpret the word "sentencing" in the statute to mean "committing the offense for which the defendant is being sentenced," so that the statute would read, "if, at the time of committing the offense for which the defendant is being sentenced, the defendant has been convicted of another drug trafficking offense," he must receive an enhanced sentence. Appellant's request is beyond our power. Where there is no ambiguity, there is no room for interpretation. [citations omitted] The language of 18 Pa.C.S. § 7508(a)(3)(i) could not be clearer; there is no ambiguity, and thus no room for interpretation. There is no basis for us to impose a philosophy of recidivist sentencing to rewrite a statute which clearly rejects such philosophy. *Williams,* 652 A.2d at 284–285 (emphasis in original). Therefore, under *Vasquez* and *Williams,* it is clear that 18 Pa.C.S. section 7508(a)(3)(i) is an unambiguous statute that cannot be re-written to include a recidivist philosophy; instead, the mandatory minimum provision must be applied according to its plain language. This Court has followed these principles in construing 18 Pa.C.S. sections 7508(a)(3)(i), (a)(3)(ii) and (a)(3)(iii). *See, e.g., Commonwealth v. Bell,* 901 A.2d 1033, 1036, 1037 (Pa.Super.2006) (following *Vasquez* in interpreting section 7508(a)(3)(ii) and stating "that the sentencing enhancements of section 7508 do not contemplate application of the recidivist philosophy."); *Commonwealth v. Saler,* 761 A.2d 581, 583–84 (Pa.Super.2000) (interpreting section 7508(a)(3)(i) and reiterating the holding of *Williams* ); *Commonwealth v. Rivera,* 432 Pa.Super. 88, 637 A.2d 997, 999 (1994) (en banc) (concluding that the language of 18 Pa.C.S. section 7508(a)(3)(iii) is "susceptible to no ambiguity[.]"). .

¶ 12 Here, in its Rule 1925(a) opinion, the trial court recognized the case law in this Commonwealth interpreting section 7508 and concluding that the provision is unambiguous and does not embody the recidivist philosophy. T.C.O., 6/12/07, at 3. The trial court, nevertheless, found that this case law "has been abrogated by the Supreme Court of Pennsylvania in *[Shiffler]." T.C.O.,* 6/12/07, at 3.

¶ 13 In *Shiffler,* our Supreme Court concluded that the three strikes law, 42 Pa. C.S. section 9714, "reflects a 'recidivist philosophy' and should be construed to allow for heightened punishment for repeat offenders only where their convictions for crimes of violence, and corresponding terms of incarceration, are sequential and each is separated by an intervening opportunity to reform." 879 A.2d at 186. *See* 42 Pa.C.S. § 9714(a)(2) ("Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence....."). The appellant in *Shiffler* argued that consideration of the operation of the statute as a whole renders the mandatory minimum provision ambiguous, "because it is silent as to whether convictions for predicate crimes of violence must occur in sequence." *Id.* at 194. Embracing its previous decision in *Dickerson, supra,* which interpreted similar language in the pre–1995 version of the three strikes statute, the Supreme Court ultimately agreed with the appellant. *See id.* at 191–94. In particular, the Court concluded that since the mandatory minimum provision of section 9714(a)(2) was "ambiguously silent regarding whether predicate convictions must be sequential," it was "obliged to construe that ambiguity in appellant's favor[.]" *Id.* at 195–96. The Court also concluded that "upon close examination of the structure, history, and operation of Pennsylvania's three-strikes law, [it was] confident that the underlying legislative purpose of this graduated statute is to

punish multiple offenders consistently with the recidivist philosophy." *Id.* at 196. It is important to note, however, that there is no language in *Shiffler* that remotely suggests that the Court's holding extends beyond its interpretation of the three strikes law, 42 Pa.C.S. section 9714. *See Commonwealth v. Jarowecki,* 923 A.2d 425, 432 n. 12 (Pa.Super.2007) (concluding that *Shiffler* did not overrule *Vasquez* expressly or implicitly).

¶ 14 After review, we conclude that the trial court erred as a matter of law in extending *Shiffler's* recidivist rationale to section 7508(a)(3)(ii) of the drug trafficking sentencing statute, interpreting that provision as ambiguous and requiring the predicate offense to be sequential. Instead of relying on *Shiffler,* the trial court was bound by *Vasquez* and *Williams,* as well as this Court's decisions in *Bell, Saler,* and *Rivera,* which are the controlling authority in this matter due to their analysis of the mandatory minimum sentence requirements of section 7508. *See Bell,* 901 A.2d at 1037 ("Bell cites no authority that might allow us to interpret subsection 7508(a)(3)(ii) to apply the recidivist philosophy when our Supreme Court has interpreted a companion section of the same provision to pre-empt that philosophy. Bell's contrary argument, based on *Shiffler,* does not in any way alter that conclusion."). Without any express indication from our Supreme Court to the contrary, we cannot conclude, as the trial court did, that *Shiffler's* interpretation of the three strikes law eroded the foundations of *Vasquez* and *Williams* and effectively overruled those cases' holdings as they pertain to the mandatory minimum sentencing provisions of section 7508. *See Moses v. T.N.T. Red Star Express,* 725 A.2d 792, 800 (Pa.Super.1999) ("It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court."). Consequently, pursuant to the above-mentioned case law, the trial court was obligated to interpret section 7508(a)(3)(ii) as an unambiguous provision and to apply it according to its plain language. The trial court, therefore, erred in its application of section 7508(a)(3)(ii), which provides for a mandatory minimum sentence of five years "if at the time of sentencing the defendant has been convicted of another drug trafficking offense[.]" 18 Pa.C.S. § 7508(a)(3)(ii).

¶ 15 For the stated reasons, we vacate the judgment of sentence and remand for re-sentencing consistent with 18 Pa.C.S. section 7508(a)(3)(ii).

¶ 16 Judgment of sentence **VACATED.** Case **REMANDED** for re-sentencing. Jurisdiction **RELINQUISHED.**