590 A.2d 766

**COMMONWEALTH of Pennsylvania**

v.

**Eric DICKERSON, Appellant.**

Superior Court of Pennsylvania.

Argued March 5, 1991.

Filed May 8, 1991.

Petition for Allowance of Appeal Granted
Oct. 3, 1991.

Vincent G. Iannello, Media, for appellant.

Dennis C. McAndrews, Asst. Dist. Atty., Media, for Com., appellee.

Before BECK, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the judgment of sentence imposed following appellant's guilty plea to charges of rape, involuntary deviate sexual intercourse, and possessing instruments of crime. Appellant contends that the sentence imposed was an abuse of discretion because it was harsh and excessive under the circumstances. In addition, he contends that sentencing counsel was ineffective for failing to (1) object to the imposition of a mandatory sentence pursuant to 42 Pa. C.S.A. § 9714, and (2) object to the prosecutor's erroneous computation of the sentencing guideline ranges. For the reasons that follow, we disallow the appeal as to appellant's first claim, and we vacate the judgment of sentence and remand for an evidentiary hearing on appellant's ineffectiveness claims.

The relevant procedural facts have been aptly summarized by the court below, as follows:

On the evening of December 31, 1986, Defendant raped and committed involuntary deviate sexual intercourse on two separate women in the city of Chester. The attacks were similar, but not related. Two separate sets of criminal informations resulted from the attacks. Both attacks were at knife point. In both instances Defendant dragged the women off the street into an abandoned building. One attack occurred at 9:45 p.m. and the other occurred at approximately 11:00 p.m.

On February 11, 1988 Defendant was convicted by a jury of the crimes related to the first attack. (Information No. 8988-86.) On September 13, 1988 Defendant was sentenced to an aggregate term of imprisonment for the first attack of not less than seven and one-half (7½) years nor more than fifteen (15) years. Defendant filed

an appeal. The judgment of sentence in that case was affirmed by the Superior Court on July 31, 198[9]. (See: No. 2917 Philadelphia 1988.)

The instant case involves the second attack. On April 4, 1989, Defendant entered pleas of guilty to three separate criminal informations related to the second attack. [The informations charged appellant with rape, involuntary deviate sexual intercourse, and possessing instruments of crime.] At the time that the guilty pleas were entered, the Defendant was on notice of the fact that the Commonwealth intended to proceed under the mandatory sentencing provisions of 42 Pa. C.S.A. § 9714 related to second and subsequent offenses.

On April 10, 1989 Defendant was sentenced for the crimes related to the second attack. The sentences were designated to run consecutively to the sentences imposed on Information Nos. 8988–86, i.e., those imposed on September 13, 1988 related to the first attack. [The aggregate sentence imposed on these charges was ten-to-twenty years imprisonment.] On April 18, 1989 Defendant filed a Motion To Modify/Motion For Reconsideration. A hearing was scheduled on this Motion for May 15, 1989. On April 27, 1989 an Order was entered vacating the sentences imposed on April 10, 1989. This order was entered so that the Court would retain jurisdiction over the matter until the hearing could be held. At the conclusion of the hearing, which was actually held on May 19, 1989, Defendant was resentenced to a total term of imprisonment of not less than seven and one-half (7½) years nor more than fifteen (15) years. The sentences were again designated to run consecutively to the sentences imposed under Information No. 8988–86. On May 25, 1989, Defendant filed another Motion To Modify/Motion For Reconsideration. This Motion alleged, inter alia, that the reasons for the Court's sentence on May 19, 1989 were unclear. On June 13, 1989 a hearing was held on this Motion. At the hearing the Court restated the rea-

sons for its sentence and the Motion was denied. This appeal followed.

Trial Court Opinion at 1–3 (footnotes omitted).

Appellant first contends that the sentence imposed by the court was an abuse of discretion because it was harsh and excessive under the circumstances. Appellant's brief complies with the requirements of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), in that it contains a statement of the reasons relied upon for allowance of appeal from the discretionary aspects of sentencing. However, after close review of this statement, we find that the claim does not present a substantial question that the sentence imposed was inappropriate under the Sentencing Code as a whole. *See Commonwealth v. Tuladziecki, supra;* 42 Pa.C.S.A. § 9781(b). The bulk of appellant's 2119(f) statement is devoted to an argument that the sentence was an abuse of discretion because it exceeded the sentencing guidelines. However, appellant did not include this specific claim in his "Statement of Questions Involved," and there is no discussion of this point in the argument section of appellant's brief. Thus, we cannot allow an appeal as to this point. The only other claim identified in the 2119(f) statement is an argument that the sentences were inappropriate in light of certain mitigating factors. Specifically, appellant argues that:

[t]hese grossly excessive sentences were imposed in spite of the fact that (1) the crimes committed on the evening in question constituted Petitioner's first significant contact with the criminal authorities; (2) he showed remorse for his crime; and (3) ... he pleaded guilty in order to spare the victim the ordeal of testifying again in court.

Brief for Appellant at 9. Appellant does not allege that the sentencing court was *unaware* of these mitigating circumstances. Instead, he merely suggests that the court did not properly weigh these factors. This type of claim, which simply asks us to substitute our judgment for that of the sentencing court, does not present a substantial question that the sentence was inappropriate under the Sentencing

Code as a whole. *See Commonwealth v. Tuladziecki,*
*supra,* 513 Pa. at 515, 522 A.2d at 20; *Commonwealth v.*
*Rogers,* 386 Pa.Super. 476, 481, 563 A.2d 165, 168 (1989);
*Commonwealth v. Billett,* 370 Pa.Super. 125, 131, 535 A.2d
1182, 1185 (1988). Accordingly, we must disallow the ap-
peal from the discretionary aspects of sentencing. *See, e.g.,*
*Commonwealth v. Tuladziecki, supra.*

Appellant's remaining two claims concern the al-
leged ineffectiveness of his prior counsel. Although these
claims were not raised in the court below, appellant is now
represented by new counsel, and, because present counsel
has raised the ineffectiveness claims at the first opportunity
when appellant was no longer represented by trial counsel,
we may consider them on direct appeal. *See, e.g., Com-*
*monwealth v. Holmes,* 482 Pa. 97, 105 n. 3, 393 A.2d 397,
401 n. 3 (1978); *see also Commonwealth v. DeGeorge,* 506
Pa. 445, 485 A.2d 1089 (1984). Counsel, of course, is
presumed to be effective, and the burden of demonstrating
ineffectiveness rests on appellant. *See, e.g., Common-*
*wealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987); *Com-*
*monwealth v. Floyd,* 506 Pa. 85, 484 A.2d 365 (1984). To
prevail on a claim of ineffectiveness, appellant must show
that his underlying contention possesses arguable merit,
that the course chosen by counsel had no reasonable basis
designed to serve his interests, and that counsel's conduct
prejudiced him. *E.g., Commonwealth v. Davis,* 518 Pa. 77,
83, 541 A.2d 315, 318 (1988). With this standard in mind,
we turn to appellant's underlying claims.

Both of appellant's ineffectiveness claims concern
counsel's performance during sentencing.[1] Appellant first

---

1.  When a defendant attempts to challenge the discretionary aspects of
    sentencing on direct appeal, we will not grant allowance of appeal
    unless there is a demonstration of a substantial question that the
    sentence imposed was inappropriate under the Sentencing Code as a
    whole. *See* 42 Pa.C.S.A. § 9781. Here, however, because appellant
    challenges counsel's stewardship for failing to raise the underlying
    sentencing questions, we must consider whether those questions pos-
    sess arguable merit. *See Commonwealth v. Lee,* 401 Pa.Super. 591,
    603, 585 A.2d 1084, 1090 (1991) (citing *Commonwealth v. Jones,* 365
    Pa.Super. 57, 528 A.2d 1360 (1987), *allocatur denied,* 518 Pa. 612, 540

contends that counsel should have objected to the court's imposition of a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9714. At the time pertinent to this appeal, § 9714 provided, in relevant part, as follows:

### § 9714. Sentences for second and subsequent offenses

(a) **Mandatory sentence.**—Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, arson as defined in 18 Pa.C.S. § 3301(a) (relating to arson and related offenses), kidnapping or robbery as defined in 18 Pa. C.S. § 3701(a)(1)(i), (ii), or (iii) (relating to robbery), or attempt to commit any of these crimes, or who is convicted of aggravated assault in which the offender intentionally, knowingly or recklessly causes serious bodily injury to another under circumstances manifesting extreme indifference to the value of human life, shall, if they have previously been convicted of a crime of violence as specified in subsection (b), be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

(b) **Prior convictions for crimes of violence.**—For the purposes of subsection (a), an offender shall be deemed to have prior convictions for crimes of violence if both of the following conditions hold:

(1) The offender was previously convicted in this Commonwealth or any other state or the District of Columbia or in any Federal court of murder, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii), or (iii), arson as defined in 18 Pa. C.S. § 3301(a), kidnapping or aggravated assault in which the offender intentionally, knowingly or recklessly causes serious bodily injury to another under circumstances manifest-

A.2d 534 (1988)). In any event, the underlying sentencing claims raised by appellant, which concern the proper interpretation of recidivist offender legislation, raise a substantial question that the sentence imposed was inappropriate. *See Commonwealth v. Eyster,* 401 Pa.Super. 477, 480, 585 A.2d 1027, 1028 (1991) (en banc).

ing extreme indifference to the value of human life, an equivalent crime under the laws of the Commonwealth in effect prior to the effective date of Title 18 (relating to crimes and offenses) or an equivalent crime in another jurisdiction. The previous conviction need not be for the same crime as the instant offense for this section to be applicable.

(2) The previous conviction occurred within seven years of the date of the commission of the instant offense, except that any time during which the offender was incarcerated in any penitentiary, prison or other place of detention shall not be included in computing the relevant seven-year period. Convictions for other offenses arising from the same criminal episode as the instant offense shall not be considered previous convictions for the purpose of this section. A previous conviction shall include any conviction, whether or not litigation is pending concerning that conviction.

*Id.*[2] Thus, § 9714 requires that a mandatory minimum sentence of five years imprisonment be imposed on recidivist perpetrators of certain enumerated violent crimes.

Appellant argues that the above enhancement is inapplicable because his first rape conviction was not a previous conviction as contemplated in § 9714. Appellant recognizes that the first conviction resulted from criminal conduct which preceded (albeit by little over an hour) the criminal conduct that led to the charges in this case.[3] He argues, however, that the enhancement cannot apply because a

2. Section 9714 was amended on December 11, 1986, to be effective in sixty days. The only change was the substitution in sub-section (b)(2) of the phrase "[f]or purposes of this section previous conviction shall include any conviction, whether or not judgment of sentence has been imposed or" for the phrase "[a] previous conviction shall include any conviction, whether or not." *See id.*, Historical Note (Purdon Supp. 1990). Because the amendment did not take effect until after the crimes were committed, it is the prior section that controls. In any event, the change, though substantive, would not affect our disposition.

3. We should note that appellant nevertheless argues that the two offenses constituted the same criminal episode. In light of our disposition *infra,* we need not address this separate argument.

conviction cannot be a previous conviction for purposes of § 9714(b) unless the *conviction* for the first offense occurs prior to the *commission* of the second offense. Although our research has revealed no cases directly on point, a careful consideration of cases that have interpreted provisions similar to § 9714 and the principles that animate such recidivist provisions generally, convinces us that appellant's position must be sustained.

This Court long ago articulated the theory underlying habitual criminal legislation, as follows:

> It was not intended that the heavier penalty prescribed for the commission of a second offense should descend upon anyone, except the incorrigible one, who after being reproved, 'still hardeneth his neck.' If the heavier penalty prescribed for the second violation.... is visited upon the one who has not had the benefit of the reproof of a first conviction, then the purpose of the statute is lost.

*Commonwealth v. Sutton,* 125 Pa.Super. 407, 413, 189 A. 556, 558 (1937) (quoting *Morgan v. Commonwealth,* 170 Ky. 400, 186 S.W. 132 (1916)). *See also, e.g., Commonwealth v. Eyster,* 401 Pa.Super. 477, 488–489, 585 A.2d 1027, 1033 (1991) (en banc). In *Commonwealth v. Mourar,* 349 Pa.Super. 583, 504 A.2d 197 (1986), *vacated and remanded on other grounds,* 517 Pa. 83, 534 A.2d 1050 (1987), this Court, in a *per curiam* Opinion joined by seven judges, discussed in detail the history and purpose of habitual offender statutes:

> [A]t least as long ago as 1860, legislation which addressed the proper disposition of persistent offenders contained language as imprecise as that of the [sentencing] guidelines, as have some regulatory statutes which mandate penal sanctions for multiple violations (and which have found their way into case authority). Contrary to the trial court's inclusion of immediacy into the concept of priority in this case, in all of the Pennsylvania cases interpreting the prior recidivist statutes the priority of a conviction lies in its preceding commission of the offense to be enhanced. *Commonwealth ex rel. Turpack*

*v. Ashe,* 339 Pa. 403, 15 A.2d 359 (1940); *Commonwealth v. McDermott,* 224 Pa. 363, 73 A. 427 (1909); *Rouch v. Commonwealth,* 78 Pa. 490 (1875); *Commonwealth v. Lane,* 236 Pa.Super. 462, 345 A.2d 233 (1975); *Commonwealth v. Calio,* 155 Pa.Super. 355, 38 A.2d 351 (1944); *Commonwealth ex rel. Flory v. Ashe,* 132 Pa.Super. 405, 1 A.2d 685 (1938); *Commonwealth v. Sutton,* 125 Pa.Super. 407, 189 A. 556 (1937); *Commonwealth v. Neill,* 16 Pa.Super. 210 (1901). The antiquity of this concept does nothing to diminish its validity.

The hypothesis that prior *convictions* must antedate commission of the principal offense to be eligible for application as sentence enhancers is, in fact, the majority rule in this country, Annot., 24 A.L.R.2d 1247, and not only the traditional approach in this Commonwealth. In fact, the "rule [is] that a second offense, carrying with it a severer penalty is not, in legal contemplation committed until there has been a conviction for a first offense." *Id.*

Thirty-one states have habitual criminal statutes, or case authority which expressly defines prior convictions as those which have preceded commission of the principal offense. The reasoning is consistent with the notion that:

Legislation authorizing the imposition of increased punishment on recidivists is directed at those who persist in criminality after having once been convicted of an offense. It is thus generally essential that the alleged conviction shall have preceded the date of the offense for which the increased punishment is sought to be imposed.

39 Am.Jur.2d Habitual Criminals § 6. The theme is constant and unwavering, with only one exception in this Commonwealth [*see Commonwealth v. Vandemark,* 65 Pa.D. & C. 351 (1948) ], and can be extrapolated as well from section 303.7(g) [of the sentencing guidelines] as from previous statutory provisions.

*Id.* 349 Pa.Super. at 589–93, 504 A.2d at 201–03 (footnotes

omitted).[4] *See also Commonwealth v. Wolfe,* 349 Pa.Super. 415, 503 A.2d 435 (1986), *allocatur granted,* 514 Pa. 617, 521 A.2d 932 (1986), *appeal dismissed,* 517 Pa. 406, 537 A.2d 1370 (1987). *Accord Commonwealth v. Becker,* 366 Pa.Super. 54, 64–65, 530 A.2d 888, 893–94 (1987) (en banc), *allocatur denied,* 520 Pa. 586, 551 A.2d 213 (1988) (table); *Commonwealth v. Kearns,* 365 Pa.Super. 13, 18–19, 528 A.2d 992, 994 (1987). Although *Mourar* and *Wolfe* involved the sentencing guidelines, the discussion of the general purpose behind such recidivist provisions is no less applicable to § 9714. Indeed, both *Mourar* and *Wolfe* recognized that the structure of § 9714 provided further support for the conclusion that *convictions* for prior crimes must precede *commission* of the second crime to be included as sentence enhancers. As the *Mourar* Court noted:

> Guidance on this point may be drawn from 42 Pa.C.S. § 9714(b) which designates a five-year enhancement for recidivist perpetrators of certain enumerated violent crimes. Unless this section is read to provide not only a *terminus a quo* but also *ad quem* for prior offenses, it makes no sense, and when aligned with section 303.7(g) [of the sentencing guidelines], must require that *conviction* for the (enhancing) offense predate commission of the principal offense to escape the imputation of a sophistic intent to both.

349 Pa.Super. at 593–94, 504 A.2d at 203 (footnote omitted). *See also Commonwealth v. Wolfe, supra* 349 Pa.Super. at 421–22, 503 A.2d at 438. *Accord Commonwealth v. Kearns, supra* 365 Pa.Super. at 19–20, 528 A.2d at 995. We should note that the principles expressed in *Mourar* and *Wolfe* were recently reaffirmed by a unanimous en banc panel of this Court. *Commonwealth v. Eyster, supra* (construing 42 Pa.C.S.A. § 2154).

4. The en banc decision in *Mourar* was remanded by our Supreme Court for reconsideration in light of *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987), which had held that the sentencing guidelines were unconstitutional. The Supreme Court decision, however, in no way calls into question the validity of the analysis of recidivist provisions found in the en banc decision in *Mourar.*

Consistent with the foregoing authority, we hold that for a prior conviction to serve as an enhancer pursuant to § 9714, the *conviction* must precede the *commission* of the later offense.[5] The application of this holding to the case at bar is straightforward. Appellant's first conviction arose from conduct that preceded the instant offense by little more than an hour. The conviction for the first offense did not occur until February 11, 1988, over thirteen months after commission of the instant offense. On this record, it was error for the trial court to treat appellant's first conviction as a prior conviction under 42 Pa.C.S.A. § 9714. Because our construction of § 9714 follows logically from the decisions in *Mourar* and *Wolfe*, as well as from the language of § 9714 and the longstanding and constant approach to habitual offender legislation in this Commonwealth, appellant's claim that counsel should have objected to the application of § 9714 possesses arguable merit. In addition, it is apparent that the court based its sentence, at least in part, on the mandatory language of § 9714: the Commonwealth informed appellant and the court that it was seeking a mandatory minimum sentence pursuant to § 9714, and the Court stated on the record that it "considered the mandatory aspects of sentencing in imposing the sentence." *See* N.T. June 13, 1989 at 5. We recognize that the *actual* minimum sentence imposed—seven and one-half years—*exceeded* the mandatory minimum term required by § 9714. Nevertheless, the five year minimum served as the basis (and floor) from which the court began its sentencing analysis. Thus, appellant was prejudiced by counsel's failure to raise a challenge to the applicability of the § 9714 enhancement.

Our inquiry does not end here, however, because there has been no evidentiary hearing on appellant's ineffective-

---

**5.** This holding, of course, is not meant to suggest that the sentencer cannot consider the fact of the prior offense in fashioning its sentence. As the *Wolfe* Court noted: " 'Prior connections, of whatever nature, with law enforcement authorities are unquestionably among the circumstances to be scrutinized [in sentencing].' " 349 Pa.Super. at 422, 503 A.2d at 439 (quoting *Commonwealth v. Lupatsky,* 341 Pa.Super. 338, 340, 491 A.2d 845, 847 (1985)).

ness claims. Accordingly, trial counsel has not had an opportunity to explain whether his decision not to object to the application of § 9714 had a reasonable basis designed to effectuate his client's interests. *See Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 605, 235 A.2d 349, 353 (1967). Although it is unlikely that a reasonable basis exists for this particular inaction, "we must consider that possibility." *Commonwealth v. Gray,* 339 Pa.Super. 385, 390, 489 A.2d 213, 216 (1985). In such circumstances, rather than finding counsel ineffective now and remanding for resentencing, the "better course" is to remand the case for an evidentiary hearing at which counsel will have an opportunity to explain the reasons for the course chosen. *See Commonwealth v. Spotts,* 341 Pa.Super. 31, 36, 491 A.2d 132, 135 (1985); *see also Commonwealth v. Turner,* 469 Pa. 319, 324, 365 A.2d 847, 849 (1976); *Commonwealth v. Pursell,* 403 Pa.Super. 342, 589 A.2d 217 (1991) (plurality opinion per Wieand, J.); *Commonwealth v. Gray, supra.*

■ Appellant's remaining ineffectiveness claim also concerns the usage of the first rape conviction to enhance his sentence. Specifically, appellant argues that counsel should have objected when the prosecutor handed the sentencing court a guideline sentence form on which appellant's prior record score was calculated as a "3." The "3" resulted from appellant's first rape conviction. In light of the authorities discussed above, appellant's claim that the first rape conviction was improperly included in calculating the prior record score clearly possesses arguable merit. *See Commonwealth v. Eyster, supra; Commonwealth v. Mourar, supra; Commonwealth v. Wolfe, supra.* The Commonwealth argues, however, that appellant was not prejudiced by the erroneous calculation because the Sentencing Guidelines in effect at the time appellant committed the instant offenses were declared unconstitutional in *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987), and thus "the trial court utilized them [the guidelines] only

for guidance in imposing sentence." Brief for Appellee at 12.

In light of *Sessoms*, there is no question that a defendant is not prejudiced simply because the sentence imposed exceeded the recommendations in the prior sentencing guidelines. However, if the court *purports* to sentence consistently with the guidelines, but applies the guidelines erroneously, the defendant obviously has been prejudiced. Here, after reviewing the record, it is apparent that the guidelines played a role in the formulation of appellant's sentence. At the June 13, 1989 hearing on appellant's second motion to modify sentence, the court stated that it "was aware fully of the guideline implications in this matter and I felt that the sentence that I imposed was called for under all the circumstances." N.T. June 13, 1989 at 8. In addition, in its opinion, the court explained that, although it was aware that the guidelines had been invalidated by *Sessoms*, it was also aware that this Court had held that, notwithstanding *Sessoms*, sentencing courts may consider the guidelines as "a useful reference guide for fashioning appropriate sentences." *See* Trial Court Opinion at 8–9 (citing *Commonwealth v. Smart*, 387 Pa.Super. 518, 521 n. 1, 564 A.2d 512, 513 n. 1 (1989), *appeal granted*, 525 Pa. 633, 578 A.2d 928 (1990)). The sentencing court then noted that the sentence imposed was within the standard range of the guidelines which had been in effect at the time of the offenses. *See id.* at 9. The court's conclusion in this regard, of course, was premised on an erroneously calculated prior record score. In light of these facts, we are satisfied that appellant was prejudiced by counsel's failure to object to the improper calculation of appellant's prior record score. Once again, however, we note that counsel has not had an opportunity to explain whether his inaction in this regard had a reasonable basis designed to effectuate his client's interests. Thus, we remand for an evidentiary hearing on this claim as well so that counsel may have an opportunity to explain the reasons for the course chosen. *See Commonwealth v. Spotts, supra; see also Commonwealth v. Turn-*

*er, supra; Commonwealth v. Pursell, supra; Commonwealth v. Gray, supra.*

For the foregoing reasons, we disallow the appeal as to appellant's first claim, and we vacate the judgment of sentence and remand for an evidentiary hearing on appellant's claims of ineffective assistance of counsel. If counsel is found to have been ineffective, a new sentencing hearing must be held. If counsel is determined to have acted reasonably, however, sentence shall be reimposed.

Appeal disallowed in part; judgment of sentence vacated and case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

POPOVICH, J., files a dissenting statement.

POPOVICH, Judge, dissenting:

Having concluded that counsel's actions prejudiced appellant at the time of sentencing, I would remand for resentencing.

I do not agree with the majority's conclusion that an evidentiary hearing is needed to determine whether counsel's failure to object to the application of 42 Pa.C.S.A. § 9714 and his failure to object to the improper calculation of appellant's prior record score had reasonable bases designed to effect appellant's interest. This jurist cannot imagine any reasonable basis for counsel to stand silent and permit a sentencing court to misapply the sentencing statutes and guidelines in a manner clearly prejudicial to his client. Undoubtedly, under the present facts, remand for an evidentiary hearing would simply be a waste of precious judicial resources. *Cf., Commonwealth v. Schultz,* 335 Pa.Super. 306, 310, 484 A.2d 146, 148 n. 4 (1984) (new trial granted rather than evidentiary hearing, where court finds counsel's actions unsubstantiated and remand for evidentiary hearing would be a waste of judicial time).

Consequently, I respectfully dissent from the opinion of the majority since I conclude an evidentiary hearing is

unnecessary, and this case should be remanded for resentencing.