**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Albert S. SHIFFLER, Appellee.**

Superior Court of Pennsylvania.

Submitted April 14, 2003.
Filed Oct. 3, 2003.

Vincent R. Mazeski, Asst. Dist. Atty., Lancaster, for Com., appellant.

MaryJean Glick, Lancaster, for appellee.

BEFORE: JOYCE and KLEIN, JJ., and McEWEN, P.J.E.

OPINION BY KLEIN, J.:

¶ 1 Albert S. Shiffler pled guilty to a residential burglary committed while the residents were home. He was sentenced

to a term of five to ten years' imprisonment for the burglary. The Commonwealth appeals, arguing that Shiffler should be sentenced as a third-time violent offender to a 25–year mandatory minimum. Because Shiffler had previously pled guilty on the same day to three similar burglaries, two of which were committed within a two-hour time span, he argues that they should be counted as only one prior offense for purposes of the multiple offender statute, 42 Pa.C.S.A. § 9714, commonly known as the "three strikes" law.[1] We agree with the Commonwealth that the statutory language treats each prior conviction as a separate offense, even though the plea was consolidated. Therefore, we vacate the judgment of sentence and remand for Shiffler to be resentenced as a third-time offender to the 25–year minimum.

¶ 2 The language of section 9714(a)(2) is clear and unambiguous. Section 9714(a)(2) states: "Where the person had at the time of the commission of the current offense **previously been convicted** of **two or more** such crimes of violence arising from **separate criminal transactions**, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement...." 42 Pa.C.S.A. § 9714(a)(2) (emphasis added). Because Shiffler previously pled guilty to three crimes of violence arising from three separate criminal transactions before he pled guilty to the instant charge, the trial court should have imposed the mandatory minimum sentence under section 9714(a)(2).

¶ 3 Shiffler committed his first burglary in 1996, his second on February 2, 1997 at approximately 3:00 a.m., and his third on February 2, 1997 at approximately 4:30 a.m. He committed these burglaries at three different occupied residences. Shiffler pled guilty to all three crimes on May 12, 1997 and received concurrent sentences totaling 11½ to 23 months in prison.

¶ 4 On June 25, 2002, Shiffler pled guilty to the instant burglary, his fourth, and was sentenced under the "second strike" provision of section 9714 to five to ten years in prison. The trial court recognized in its Pa.R.A.P. 1925(a) opinion that this sentence was incorrect because section 9714(a)(1) requires a minimum sentence of ten years' imprisonment for a "second strike." However, the trial court applied the wrong section of the statute. At a minimum, even if the two February 2, 1997 burglaries were counted as only one criminal transaction, Shiffler was still previously convicted of two separate, unrelated burglaries when he was sentenced on the instant charge. Therefore, he should have been sentenced under the "third strike" provision of section 9714.

¶ 5 Our Supreme Court recently addressed the application of section 9714(a)(2) in *Commonwealth v. Belak*, 825 A.2d 1252 (Pa.2003). Belak was convicted of his third burglary and was sentenced to a 25–year minimum under section 9714(a)(2) because he had previously been convicted of two separate burglaries. *Id.* at 1253. On appeal, Belak challenged the constitutionality of section 9714. The Supreme Court held that section 9714 was constitutional and further stated that "under the plain language of section 9714(a)(2), once the trial court determined that Belak had been convicted of three crimes of violence, it was required to sentence Belak to the mandatory minimum of twenty-five years' imprisonment." *Id.* at 1256. The court explained that "section

---

1. Even if the three prior burglaries were considered only one offense, the trial court recognized its error in sentencing Shiffler to only a five-year minimum, when the mandatory sentence would be ten years under the statute.

9714(a)(2) effectively places the burden on the Commonwealth to show that the offender has been convicted of three crimes of violence." *Id.*

¶ 6 Here, the Commonwealth has clearly shown that Shiffler was previously convicted of at least two crimes of violence before he pled guilty to his most recent burglary. Therefore, under section 9714(a)(2), the trial court was required to sentence Shiffler to the mandatory minimum of at least 25 years in prison. *Belak, supra.*

¶ 7 It is true that the "three strikes" law was intended to impose a stiffer penalty on those hardened and incorrigible criminals who have been unaffected by prior punishment. *See Commonwealth v. Dickerson,* 404 Pa.Super. 249, 590 A.2d 766, 771 (1991), *aff'd,* 533 Pa. 294, 621 A.2d 990 (1993). While Shiffler may not be the kind of incorrigible criminal who has been unaffected by the penal system that section 9714 anticipated, nonetheless the statutory language is clear.

¶ 8 It may have served the recidivist philosophy better if the legislature had distinguished between (a) those who commit crimes, are sentenced, released, and then commit more crimes, and (b) those who commit a series of crimes and are sentenced for all of them at the same time. However, the legislation as drafted belies this philosophy. Although statements by the legislature might have given lip service to the idea that it was merely to protect against the "incorrigible criminal," *Dickerson, supra,* the statute itself does not support this view. The language of the statute merely talks about the number of prior convictions for separate crimes, not the number of dates on which a defendant was found guilty or pled guilty.

¶ 9 Our rules of statutory construction provide: "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). Section 9714(a)(2) is clear and unambiguous in requiring a minimum 25–year sentence for a defendant who, at the time of committing the current offense, has been previously convicted of two or more crimes of violence arising from separate criminal transactions. Although Shiffler had only one prior contact with the court system, that contact resulted in multiple convictions for three distinct burglaries. Thus, he should have been sentenced under the "third strike" provision of section 9714(a)(2).

¶ 10 *Dickerson* does not compel a different result because it is factually distinct from this case. In that case, Dickerson had committed two rapes on the same day. 590 A.2d at 768. He was convicted and sentenced for the first rape and later pled guilty to the second rape and was sentenced as a recidivist. *Id.* This Court held that Dickerson could not be sentenced as a recidivist for the second rape because the second rape occurred before he was convicted and sentenced for the first rape. *Id.* at 772. Here, unlike the defendant in *Dickerson,* Shiffler committed the instant burglary several years after his convictions and sentencing for the three prior burglaries. Thus, *Dickerson* does not preclude the trial court from sentencing him as a recidivist under section 9714.

¶ 11 The plain language of our "three strikes" law does not require that a defendant's prior convictions must result in separate sentences during separate judicial proceedings. We will not read such a requirement into section 9714. *See Commonwealth v. Vasquez,* 562 Pa. 120, 753 A.2d 807, 809 (2000) (when statutory language is unambiguous, courts are bound by it "and cannot read language into it that simply does not appear").

¶ 12 If the legislature had intended the result urged by Shiffler, it would have included language requiring that each conviction result from a separate proceeding. For example, the former version of New Jersey's "three strikes" law required the imposition of a life sentence where the defendant had " 'on **two or more prior and separate occasions been convicted** of a crime.' " *State v. Livingston,* 172 N.J. 209, 797 A.2d 153, 162 (2002) (quoting former N.J.S.A. 2C:43–7.1(a)) (emphasis added). In *Livingston,* the New Jersey Supreme Court held that under that provision:

> two judgments of conviction entered simultaneously cannot literally be characterized as having been entered on "two or more prior and separate occasions." To be separate, each conviction must be entered by a court in a separate court session on different days.

*Id.*

¶ 13 Following *Livingston,* however, the New Jersey legislature amended its "three strikes" law and made a significant change. The statute now requires the imposition of a life sentence where the defendant "has been convicted of **two or more crimes** that were **committed on prior and separate occasions, regardless of the dates of the convictions.**" N.J.S.A. 2C:43–7.1(a) (effective Apr. 23, 2003) (emphasis added). Thus, the amended statute unambiguously states that even if multiple convictions occur during one proceeding, each conviction counts as a separate "strike" if the crimes were committed on prior and separate occasions.

¶ 14 Likewise, Pennsylvania's statute speaks only of **prior convictions** for violent crimes arising from **separate criminal transactions.** There is no requirement that the convictions be entered on separate occasions or during separate proceedings. *See* 42 Pa.C.S.A. § 9714(a)(2).

Therefore, the fact that Shiffler's 1997 convictions occurred during a single court proceeding does not preclude each from being counted as a separate "strike" under section 9714(a)(2). To hold otherwise would be contrary to the plain language of the statute.

¶ 15 This reading of Pennsylvania's "three strikes" law is also consistent with federal case law interpreting the federal sentencing enhancement provision, 18 U.S.C. § 924. *See, e.g., United States v. Casiano,* 113 F.3d 420, 425–26 (3d Cir. 1997) (under section 924(c)(1), " 'conviction' means 'the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction' "; thus, "more than one 'conviction' can occur in a single proceeding") (citation omitted); *United States v. Wallace,* 889 F.2d 580, 584 (5th Cir.1989) (under section 924(e)(1), "multiple convictions arising from separate criminal transactions should be treated as separate convictions, regardless of the number of judicial proceedings involved").

¶ 16 Different statutes have been written different ways and require different results. Pennsylvania's "three strikes" statute speaks in terms of convictions for separate *crimes,* not separate occasions on which a defendant appeared before the court. Because Shiffler was guilty of at least two prior enumerated violent crimes—namely, burglaries of occupied residences on two separate days—he has at least two prior convictions for purposes of the "three strikes" law.

¶ 17 Accordingly, we must vacate Shiffler's judgment of sentence and remand for resentencing as a third-time offender in accordance with section 9714(a)(2).

¶ 18 Judgment of sentence vacated. Case remanded for further proceedings

consistent with this opinion. Jurisdiction relinquished.

¶ 19 McEWEN, P.J.E., files a Concurring and Dissenting Statement.

### CONCURRING AND DISSENTING STATEMENT BY McEWEN, P.J.E.:

¶ 1 While the Opinion of the majority reveals a careful analysis and a persuasive expression of rationale, and while I agree that the sentence imposed on appellant must be vacated, I am nonetheless compelled to the view that, upon remand, appellant should be sentenced as a second-time offender, and not as a third-time offender.

¶ 2 The purpose of habitual criminal legislation, as I see it, is to impose a further penalty upon those hardened and incorrigible criminals who have been unaffected by prior punishment. *Commonwealth v. Dickerson,* 404 Pa.Super. 249, 590 A.2d 766, 771 (1991), *aff'd,* 533 Pa. 294, 621 A.2d 990 (1993). The record reveals that appellant, prior to his conviction in the present case, had entered, in a *single* proceeding, a *consolidated* guilty plea to three burglaries, and received a *consolidated* sentence as well, since he received three concurrent sentences of from eleven and one-half to twenty three months imprisonment. As the trial judge noted in his Opinion, and the majority accepted, this earlier sentence was appellant's first and only prior contact with the criminal justice system. Simply put, I am unable to so widely cast the net of incorrigibility that it will pull appellant into the penitentiary for 25 years, since I do not believe that at the time of his sentencing in this case, appellant was incorrigible and subject to the harsher provision of Section 9714(a)(2).