J-S46025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY W. ROBINSON | : | |
| | : | |
| Appellant | : | No. 514 WDA 2025 |

Appeal from the Judgment of Sentence Entered December 9, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006996-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ROBINSON | : | |
| | : | |
| Appellant | : | No. 769 WDA 2025 |

Appeal from the Judgment of Sentence Entered December 9, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005788-2024

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: JUNE 2, 2026**

Appellant Jeffrey Robinson appeals from the judgment of sentence imposed after a jury convicted him of third-degree murder and persons not to possess firearms.[1]  Appellant's counsel, James Vinski, Esq., (Counsel) has filed

---

[1] **See** 18 Pa.C.S. §§ 2502(c), 6105(a)(1).

a petition to withdraw and an **Anders**/**Santiago** brief. [2,3] After review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Briefly, Appellant was arrested and charged with multiple offenses after he shot and killed Reginald Hall (the Victim) on September 6, 2023. **See** N.T., 9/5/24, at 182-85.[4,5] At trial, the medical examiner testified that the Victim was shot four times and concluded that the Victim's cause of death was "gunshot wounds of the trunk and left lower cavity" and his manner of death was homicide. **See id.** at 27, 33-34 (some formatting altered).

_____

[2] We note that at trial, Appellant was represented by Ernest Sherif, Esq. **See** N.T., 9/6/24, at 1. On December 11, 2024, the trial court appointed new counsel for appeal and James Vinski, Esq., subsequently entered his appearance on Appellant's behalf. **See** Trial Ct. Order, 12/11/24; **see** Praecipe for Appearance, 12/16/24.

[3] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[4] At trial, Appellant conceded that he shot the Victim but claimed that he did so in self-defense. **See** N.T., 9/6/24, at 26-27, 29.

[5] We note that Appellant's trial began on September 5, 2024 and concluded on September 9, 2024. The notes of testimony are contained in two transcripts. **See** N.T., 9/5/24; N.T., 9/6/24. One transcript is continuously paginated and contains testimony from September 5 through September 9, 2024. **See** N.T., 9/5/24, at 3, 171, 280. However, testimony from the morning of September 6, 2024 appears in a separate transcript. **See id.** at 171; **see also** N.T., 9/6/24. For clarity, we utilize the continuous pagination from the transcript containing testimony from September 5, 2024 to September 9, 2024, and refer to this multi-day transcript as the September 5, 2024 transcript, regardless of the date it took place. We refer to the testimony from the morning of September 6, 2024 by citing to the September 6, 2024 transcript.

On September 9, 2024, the jury convicted Appellant of third-degree murder and on the same date the trial court convicted Appellant of persons not to possess.[6] On December 9, 2024, the trial court sentenced Appellant to twenty-five to fifty years' incarceration for the murder conviction and five to ten years' incarceration for persons not to possess, to be served concurrently. Appellant filed a post-sentence motion on December 17, 2024;[7] therein, Appellant referenced the two guilty verdicts and alleged, *inter alia*, that the "jury's verdict of guilty was against the weight of the evidence." Appellant's Post-Sentence Mot., 12/17/24, at 2. Appellant's post-sentence motion was denied by operation of law on May 1, 2025. **See** Trial Ct. Order, 5/1/25.

Appellant filed a timely notice of appeal for both convictions and Appellant and the trial court complied with Pa.R.A.P. 1925.[8]

---

[6] The trial court severed the persons not to possess charge from Docket No. 6996-2023, and the Commonwealth filed a separate criminal information for the persons not to possess charge under Docket No. 5788-2024. **See** Trial Ct. Order, 9/3/24; **see** Docket No. 5788-2024, at 1.

[7] We note that Appellant's post-sentence motion listed Docket Nos. 6996-2023 and 5788-2024. **See** Appellant's Post-Sentence Mot., 12/17/24.

[8] Appellant filed a single notice of appeal for the two convictions. Because the convictions arose in separate trial court dockets, Appellant was required to file separate notices of appeal even though he was sentenced on both dockets in a single order. **See Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018); **see** Order, 6/18/25. Counsel subsequently filed amended notices of appeal for each conviction, and this Court assigned docket number 514 WDA 2025 to the third-degree murder conviction (Docket No. 6996-2023) and 769 WDA 2025 to the firearms possession conviction (Docket No. 5788-2024). **See** Am. Notices of Appeal, 6/26/25. This Court consolidated the two appeals,
*(Footnote Continued Next Page)*

**Review of Counsel's Petition**

On appeal, Counsel filed an ***Anders*/*Santiago*** brief. Therein, Counsel concluded that there are no non-frivolous issues for our review. ***See Anders*/*Santiago*** Brief at 12. Counsel identified the claims that Appellant sought to raise as: (1) the murder verdict was against the weight of the evidence; (2) the trial court admitted irrelevant physical bills of currency into evidence; (3) Appellant was prejudiced by the Commonwealth's reference to blood on the currency in its opening statement; (4) a dismissed juror compromised the trial; (5) the trial court improperly applied the 'three strikes' statute[9] in sentencing Appellant; and (6) the trial court improperly issued an additional jury instruction after the jury retired to consider its verdict. ***See id.*** at 12-28. Ultimately, Counsel concluded that Appellant has no non-frivolous issues on appeal. ***See id.*** at 29.[10]

---

designating docket number 514 WDA 2025 as the lead docket number. ***See*** Order, 6/30/25.

[9] ***See*** 42 Pa.C.S. § 9714(a)(2).

[10] On March 26, 2026, Appellant filed a *pro se* "Motion for Hearing Regarding Counsel's Motion to Withdraw and Appellant's Access to Records Necessary to Proceed on Appeal," in response to Counsel's ***Anders*/*Santiago*** brief. ***See*** Appellant's *Pro Se* Mot., 3/26/26. In his motion, Appellant identifies items he deems necessary before he can adequately respond to Counsel's petition to withdraw. Specifically, Appellant seeks access to "portions of the record" to prepare a response to the fourth claim identified by Counsel, relating to the dismissed juror. ***Id.*** at 3. Appellant also alleged that Counsel has not communicated with Appellant since approximately June of 2025, Appellant has not received a copy of the Commonwealth's brief, Counsel's petition to
*(Footnote Continued Next Page)*

- 4 -

"When faced with a purported **Anders**[/**Santiago**] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant of the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an **Anders**/**Santiago** brief, counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005).

_____

withdraw is deficient, and seeks a hearing before this Court on these claims. **See id.** at 3-4.

Appellant's *pro se* motion was marked as "received" and categorized as a **Jette** letter by this Court but has not been docketed. **See Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011). However, as Counsel has filed a petition to withdraw and an **Anders**/**Santiago** brief in this matter, Appellant's right to proceed *pro se* commenced upon the filing of Counsel's petition to withdraw. **See Commonwealth v. Muzzy**, 141 A.3d 509, 511-12 (Pa. Super. 2016) (holding that, once counsel has petitioned to withdraw, an appellant has an immediate right to proceed *pro se*). We therefore direct our Prothonotary to docket Appellant's March 26, 2026 motion as Appellant's *pro se* response to Counsel's **Anders**/**Santiago** brief.

Additionally, counsel must file a brief that meets the requirements established in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Goodwin**, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, nonfrivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted).

Here, Counsel has complied with the procedural requirements for seeking withdrawal. Counsel has filed a petition to withdraw, sent Appellant a letter explaining Appellant's appellate rights, informed Appellant of his right to proceed *pro se* or with private counsel, and supplied Appellant with a copy of the **Anders**/**Santiago** brief. **See Goodwin**, 928 A.2d at 290. Counsel has provided this Court with a copy of his letter to Appellant informing him of his rights.

Furthermore, Counsel's **Anders**/**Santiago** brief complies with the requirements of **Santiago**. Counsel has included a summary of the relevant facts and procedural history, refers to portions of the record that might arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous. **See Santiago**, 978 A.2d at 361. Accordingly, Counsel has met the technical requirements of **Anders** and **Santiago**. We now proceed to address the issues identified in the **Anders**/**Santiago** brief.

### Review of Claims

The first potential claim that Counsel identifies on appeal is a challenge to the weight of the evidence. **See Anders**/**Santiago** Brief at 14-17. Ultimately, Counsel concludes that this claim is frivolous. **See id.** at 16-17.

To preserve a challenge to the weight of the evidence, the issue must be raised at sentencing or in a post-sentence motion. **See** Pa.R.Crim.P. 607(A). Further, a weight-of-the-evidence claim "shall be stated with specificity and particularity." Pa.R.Crim.P. 720(B)(1)(a); **see also Commonwealth v. Rivera**, 238 A.3d 482, 497 (Pa. Super. 2020) (reiterating that a post-sentence motion claiming that "the verdict was against the weight of the evidence" does not preserve the issue for appellate review "unless the motion goes on to specify . . . **why** the verdict was against the weight of the evidence (citation omitted and emphasis in original)).

Here, Appellant filed a post-sentence motion in which he claimed that "the jury's verdict of guilty was against the weight of the evidence." **See** Appellant's Post-Sentence Mot., 12/17/24, at 2. However, Appellant did not

indicate which verdict or if both verdicts were contrary to the weight of the evidence, nor offer a specific reason to support his generalized claim. Therefore, Appellant's claim is waived. *See* Pa.R.Crim.P. 607(A), 720(B)(1)(a); *see also Rivera*, 238 A.3d at 497. Further, because Appellant waived this issue, it is frivolous. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008).

The second potential claim that Counsel identifies is a challenge to the admission of bills of currency on relevance grounds. *See* Appellant's Brief at 17-21. Counsel ultimately concludes that such a challenge would be frivolous on appeal. *See id.* at 20-21.

The test for whether evidence is relevant is if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence to determining the action." Pa.R.E. 401. Generally, "relevant evidence is admissible" unless "its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 402, 403. "Questions of the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." *Commonwealth v. Baker*, 313 A.3d 1112, 1123 (Pa. Super. 2024).

Here, Appellant's trial counsel objected to the admission of the currency as evidence on the basis that, because the blood-stained portions of the bills had been removed, the bills were not relevant. *See* N.T., 9/5/24, at 156-59.

The trial court overruled Appellant's objection and explained that it admitted the currency because it was relevant to establishing a motive, *i.e.,* that Appellant killed the Victim to steal his money, and noted that the Victim's dying declarations were that Appellant had shot him and stolen his money. **See id.**; Trial Ct. Op. at 5 (unpaginated).

After a review of the record, we find no basis to conclude that the trial court abused its discretion in admitting the currency as evidence. **See Baker**, 313 A.3d at 1123; **see also** Pa.R.E. 401-403. Here, given the robbery motive proffered by the Commonwealth for Appellant's shooting of the Victim, we conclude that large bills of currency, stained with blood at the time of collection, discovered upon a search of Appellant after the killing, were relevant to proving Appellant's motive. **See** N.T., 9/5/24, at 111-12, 119, 146, 149-51, 155-58; N.T., 9/6/24, at 49-51; **Baker**, 313 A.3d at 1123; **see also** Pa.R.E. 401-403; **Commonwealth v. Hanible**, 30 A.3d 426, 464 (Pa. 2011) (stating that a large sum of money found on a defendant's person upon his arrest six days after a homicide was relevant to establishing the robbery motive for the homicide).

The next potential claim Counsel identifies on appeal is that Appellant was prejudiced by the description of currency with "fresh blood splatter" in the Commonwealth's opening statement. **Anders**/**Santiago** Brief at 21-24. Counsel ultimately concludes that this claim would be frivolous on appeal. **Id.** at 22-23.

Pennsylvania Rule of Appellate Procedure 302(a) provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Rule 302 waiver applies where an appellant has failed "to raise a contemporaneous objection to a prosecutor's comment at trial . . . An appellant may, however, pursue a derivative and collateral claim based upon counsel ineffectiveness for failing to raise that contemporaneous objection." **Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (citations omitted).

Here, the record does not reflect that Appellant's trial counsel lodged an objection to any portion of the Commonwealth's opening statement. See N.T., 9/5/24, at 19-26. Because Appellant did not object to the prosecutor's opening statement, he has failed to preserve this claim for appeal. **See** Pa.R.A.P. 302(a); **see also Ali**, 10 A.3d at 293. Since this claim is waived, it is frivolous on appeal. **See Kalichak**, 943 A.2d at 291.

Counsel next identifies a potential claim regarding a juror who was dismissed on the first day of trial. **See Anders/Santiago** Brief at 23-24. Counsel ultimately concludes that this claim is waived and, therefore, frivolous on appeal. **See id.**

Here, the record again reflects that Appellant failed to lodge an objection or otherwise preserve any claim concerning the dismissed juror before the trial court. **See** N.T., 9/6/24, at 72-84. Accordingly, Appellant has failed to preserve this claim for appeal. **See** Pa.R.A.P. 302(a); **see also Commonwealth v. Burns**, 765 A.2d 1144, 1148 (Pa. Super. 2000) (finding

waiver of a claim related to the dismissal of a juror because the appellant did not object to the dismissal). Since this claim is waived, it is frivolous on appeal. *See Kalichak*, 943 A.2d at 291.

The next potential claim Counsel identifies is that the trial court improperly applied the 'three strikes' statute set forth at 42 Pa.C.S. § 9714(a)(2) in sentencing Appellant. *See Anders/Santiago* Brief at 25-26. Specifically, Counsel states that Appellant believes that convictions occurring seven or more years before the commission of the instant offense must be excluded from consideration under the 'three strikes' statute. *See id.* However, Counsel ultimately concludes that raising this claim on appeal would be frivolous. *See id.* at 26.

The current version of Section 9714 of the Sentencing Code provides that a defendant "previously convicted of two or more [] crimes of violence arising from separate criminal transactions . . . shall be sentenced to a minimum of at least 25 years of total confinement." 42 Pa.C.S. § 9714(a)(2). While an earlier version of the statute limited the consideration of an offender's prior convictions to those occurring "within seven years of the date of the commission of the instant offense," tolled for periods of incarceration, our Legislature amended the statute to remove this limitation in 1995. *See Commonwealth v. Dickerson*, 590 A.2d 766, 770 n.11 (Pa. 1991) (citing to

the pre-1995 version of 42 Pa.C.S. § 9714).[11]  The present version of Section 9714 clearly does not restrict the consideration of 'crime of violence' convictions to offenses that occurred within seven years of the commission of the instant offense in deciding whether a mandatory minimum sentence must be imposed.  *See id.*; *see also Commonwealth v. Shiffler*, 879 A.2d 185, 191 n.11 (Pa. 2005) (stating that a version of Section 9714 amended after 1995 no longer limited qualifying crimes of violence to those within a seven-year window).

Here, Appellant was convicted of third-degree murder, a 'crime of violence,' which Appellant committed on September 6, 2023; accordingly, Appellant was subject to the present version of Section 9714 of the 'three strikes' rule.  *See* 42 Pa.C.S. § 9714(a)(2), (g).  Since the present version of the statute applied to Appellant's case at the time of sentencing, there was no temporal prohibition on the trial court's consideration of any prior crimes of violence committed by Appellant.  *See id.*; *see also Shiffler*, 879 A.2d at 191 n.11.  Therefore, any claim that Appellant's prior convictions for 'crimes of violence' were too stale to be considered in imposing sentence for a third 'crime of violence' are without merit.

The final claim that Counsel identifies on appeal is that the trial court improperly issued an additional jury instruction after the jury retired to

_____

[11] At the time *Dickerson* was issued, Section 9714 of the Sentencing Code was last amended by P.L. 1521, No. 165, § 9, enacted on December 11, 1986. *See* 42 Pa.C.S. § 9412.

deliberate, which, due to the timing, prejudiced Appellant by drawing the jury's attention to Appellant's retail theft prior conviction. *See* Appellant's Brief at 26-28. Ultimately, Counsel concludes that this claim would be frivolous on appeal. *Id.* at 28.

Our standard of review for a trial court's decisions on jury instructions is "one of deference" and we will only reverse if the trial court abused its discretion or committed an error of law. *See Commonwealth v. Cannavo*, 199 A.3d 1282, 1286 (Pa. Super. 2018), *appeal denied*, 217 A.3d 180 (Pa. 2019) (citation omitted). Further, "[w]hen reviewing a challenge to jury instructions, the reviewing court must consider the charge as a whole to determine if the charge was inadequate, erroneous, or prejudicial." *Commonwealth v. Fletcher*, 986 A. 2d 759, 792 (Pa. 2009) (citations omitted). "A new trial is required on account of an erroneous jury instruction only if the instruction under review contained fundamental error, misled, or confused the jury." *Id.* (citation omitted). We also note that, "after the jury has retired to consider its verdict, additional or correctional instructions may be given by the trial judge in the presence of all parties." Pa.R.Crim.P. 647(D).

Here, the trial court inadvertently omitted an instruction in its final charge to the jury. *See* N.T., 9/5/24, at 281-82. To remedy this omission, the trial court brought the jury back to the courtroom to give the additional instruction, that evidence of Appellant's prior conviction for retail theft should not be considered as "evidence of [Appellant's] guilt" but, rather, only "to judge the credibility of and weight of [Appellant's] testimony . . . in this  trial."

- 13 -

*Id.* at 284. The trial court further instructed that the jury could consider, with regard to the retail theft conviction, "how long ago it was committed and how it may effect the likelihood that [Appellant] testified truthfully in this case." *Id.* We note trial counsel's objection was based on a concern that the follow-up charge would draw undue attention to the retail theft conviction. *Id.* at 281-83.

After our review of the record, we find no basis to conclude that the trial court abused its discretion or committed legal error in overruling trial counsel's objection to the additional jury instruction. *See Cannavo*, 199 A.3d at 1286. The trial court, upon notification that its final charge had failed to address how the jury should consider a specific item of evidence, rectified its oversight – an act well within its discretion. *See* Pa.R.Crim.P. 647(D). Taken as a whole, while the late-delivered instruction may have drawn the jury's attention to Appellant's prior conviction, the instruction itself prohibited the jury from using the prior conviction to determine Appellant's guilt in the instant matter; instead, it directed the jury to only consider the conviction for the purpose of determining Appellant's credibility as a witness in the trial. *See Fletcher*, 986 A. 2d at 792. Accordingly, rather than prejudicing Appellant, the additional instruction would tend to benefit Appellant. Therefore, we find no basis for relief for the last claim identified by Counsel.

After our independent review of the record, we conclude that the claims identified by Counsel in the *Anders*/*Santiago* brief are frivolous either because they were not preserved for appellate review or they would lack merit

on appeal. ***See Goodwin***, 928 A.2d at 291; ***see also Flowers***, 113 A.3d at 1250. Further, our independent review does not uncover any additional, non-frivolous issues on direct appeal.[12] ***See id.*** Accordingly, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Counsel's petition to withdraw granted. The Prothonotary is directed to docket Appellant's motion of March 26, 2026 as a *pro se* response to Counsel's ***Anders***/***Santiago*** brief. Judgment of sentence affirmed. Jurisdiction relinquished.

---

[12] We note that Appellant seeks "portions of the record" to prepare a response to Counsel's arguments regarding the dismissed juror. Appellant's *Pro Se* Mot., 3/26/26, at 2. As stated above, however, our review of the certified record reflects that this claim is frivolous because it was not preserved for appeal. ***See Kalichak***, 943 A.2d at 291. Therefore, any claim related to the dismissed juror that Appellant seeks to advance on direct appeal, either *pro se* or counseled by different appellate counsel, would also be frivolous.

Appellant also states that he has not received a copy of the Commonwealth's brief, and that Counsel's petition to withdraw is deficient. ***See*** Appellant's *Pro Se* Mot., 3/26/26, at 3. Our independent review and disposition of the instant appeal addresses these two issues.

Regarding Appellant's complaint that Counsel has failed to communicate with him, this Court on direct appeal may not grant Appellant relief based on ineffective assistance of counsel, except under circumstances not present here. ***See Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013) (holding that, generally, claims of ineffective assistance of counsel are deferred for review in post-conviction relief petitions rather than on direct review).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/2/2026