J-S10037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CAREY ABNEY | : | |
| | : | |
| Appellant | : | No. 1407 EDA 2017 |

Appeal from the Order April 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0804281-1995

BEFORE: BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED MARCH 13, 2018**

Appellant Carey Abney appeals *pro se* from the order dismissing his writ of *habeas corpus* petition.[1] Appellant claims that his confinement is unlawful because the trial court failed to note that it sentenced Appellant under 18 Pa.C.S. § 1102(a) and did not enter a proper written sentencing order. We affirm.

On September 9, 1996, Appellant was convicted of first-degree murder and possessing instruments of crime (PIC).[2] The trial court, with Judge Juanita Kidd Stout presiding, sentenced Appellant to life imprisonment for the murder conviction and 2½ to 5 years' incarceration for the PIC conviction.

_____

[1] 42 Pa.C.S. §§ 6501-6505.

[2] 18 Pa.C.S. §§ 2502(a) and 907, respectively.

Over the years, Appellant has filed several Post Conviction Relief Act[3] ("PCRA") petitions and petitions for writ of *habeas corpus*.

More recently, in 2015, Appellant filed a motion to correct clerical errors in the trial court's sentencing order alleging that the court did not enter a proper sentencing order in 1996 and that a computer-generated 2013 sentencing order did not refer to the sentencing statute and contained several errors. The trial court denied Appellant's motion. This Court affirmed on the basis of the trial court's opinion that there was a proper written sentencing order entered in 1996 and that despite the errors in the 2013 computer-generated order, no corrections were required. **See Commonwealth v. Abney**, 80 EDA 2016 unpublished mem. at 3-4 (Pa. Super. filed Aug. 23, 2016).

On February 22, 2017, Appellant filed the instant petition for writ of *habeas corpus*. Appellant claimed that his confinement was unlawful because the state correctional facility in which Appellant was incarcerated did not possess a written sentencing order and that section 1102(a) had been declared unconstitutional in 1978.

On April 4, 2017, the trial court denied Appellant's petition. The court determined that Appellant's challenge based on the absence of a written sentencing order constituted a proper claim for *habeas corpus* relief, but was frivolous as it had been previously litigated. The court also determined that

---

[3] 42 Pa.C.S. §§ 9541-9546.

Appellant's assertion that section 1102(a) was unconstitutional constituted a claim cognizable under the PCRA and was untimely filed. *See* Order, 4/3/17, at 1 n.1. However, the court addressed Appellant's claim because it was joined to a proper *habeas corpus* claim. Therefore, the court concluded that this claim was also frivolous because Appellant was sentenced under an amended version of section 1102(a).

Appellant filed a timely notice of appeal. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, asserting:

> The Appellant could not have been sentenced under 1[8] Pa.C.S. § 1102(a) because this [s]entencing [s]tatute was deemed unconstitutional by the Pa. Supreme Court o[n] January 26, 1978. *See*: *Com*[*monwealth*] *v. McKenna*, 476 Pa. 428, 383 A.2d 174 (1978)[.]
>
> Bronson's Order states that the Appellant raised the claim that: "THE COURT IMPOSED A SENTENCE[] GREATER THAN THE LAWFUL MAXIMUM", the Appellant's claim is that his liberty has been restrained unlawfully and unconstitutionally.

Concise Statement of Errors Complained of on Appeal, 5/12/17. The trial court filed a responsive opinion.

Appellant, in his *pro se* brief, raises two issues:

1. Did Judge Glenn B. Bronson's April 3, 2017 order dismissing the Appellant's *habeas corpus ad subjiciendum* and rule to show cause petition(s), and his June 23, 2017 opinion overlook the critical fact that Justice Stout did not write the sentencing statute 18 Pa[.]C.S. § 1102(a)(1) on any of the Appellant's court document(s) thereby informing the Appellant that her Honor's "oral" pronouncement of the sanction a "term of life" was a sentence actually imposed?

- 3 -

2. Did Justice Stout's failure to write the sentencing statute 18 Pa[.]C.S. § 1102(a)(1) on any of the Appellant's court document(s) in support of her Honor's "oral" pronouncement of the sanction a "term of life" directed at the Appellant equate to there being no actual sentence being imposed?

Appellant's Brief at vii (full capitalization omitted).

Appellant insists that his confinement is illegal. Appellant maintains that there was no written sentencing order authorizing his confinement. Alternatively, Appellant asserts that the trial court failed to write the sentencing statute, section 1102(a), on any of his court documents, including the bill of information. According to Appellant, the absence of such notations means no actual sentence was imposed.

At the outset, we note that a claim that a defendant is confined by the Pennsylvania Department of Corrections ("DOC") without a copy of the written sentencing order is cognizable under the *habeas corpus* statute. **See** 42 Pa.C.S. §§ 6501-6505; **Joseph v. Glunt**, 96 A.3d 365, 369-71 (Pa. Super. 2014).

However, a claim that a sentence is illegal is cognizable under the PCRA and cannot be considered under the *habeas corpus* statute. **See Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (holding petitioner's claims that a sentencing order failed to specify which authority would supervise the petitioner's probation should have been brought under the PCRA); **see also** 42 Pa.C.S. §§ 6503(b), 9542 (discussing scope of the PCRA).

- 4 -

If a claim is cognizable under the PCRA, then the petitioner must demonstrate that the claim has been timely presented.  *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").  "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Jackson*, 30 A.3d at 519 (citation and quotation marks omitted).

To the extent Appellant contends that he is being confined without a written sentencing order, we agree with the trial court that this issue could be cognizable under the *habeas corpus* statute but was previously litigated and frivolous.  *See Abney*, 80 EDA 2016 at 3-4; *see also Commonwealth v. Isabell*, 467 A.2d 1287, 1292 (Pa. 1983) (construing written sentence endorsed on bill of information); *Commonwealth v. Williams*, 636 A.2d 183, 184 n.2 (Pa. Super. 1993) (*en banc*) (relying on written endorsement of sentence on back of information that was dated the same day of the sentencing hearing).  Accordingly, we discern no basis to disturb the trial court's dismissal of this claim.

To the extent Appellant now argues the trial court failed to cite to section 1102(a) on various documents, including the bill of information, or that the sentencing order was not a final order, Appellant did not raise these issues before the trial court or in his Rule 1925(b) statement.  Therefore, these issues

are waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement . . . are waived"); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998).

Even if Appellant had preserved these issues, we would conclude they were cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)(i). Because Appellant did not establish that his petition was timely filed under 42 Pa.C.S. § 9545(b), we lack jurisdiction to consider the merits of this claim.[4] **See Fahy**, 737 A.2d at 223.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/18

---

[4] We note that Appellant has abandoned his claim that his sentence was illegal because section 1102(a) was held unconstitutional in 1978. We agree with the trial court that this claim should have been dismissed as an untimely PCRA claim. However, we disapprove of the court's suggestion that it could consider the merits because Appellant also raised a claim under the *habeas corpus* statute. **See Jackson**, 30 A.3d at 519.