J-S36014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CAREY ABNEY | : | |
| | : | |
| Appellant | : | No. 1142 EDA 2021 |

Appeal from the Order Entered May 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0804281-1995

BEFORE: LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 03, 2022**

Carey Abney appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition to cease unlawful imprisonment. The court deemed his petition as one filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and denied relief. We affirm.

On September 9, 1996, following a non-jury trial, Abney was convicted of first-degree murder[1] and possession of instruments of crime (PIC)[2] by the Honorable Juanita Kidd Stout and immediately sentenced to life imprisonment. Following a direct appeal to this Court, several PCRA and *habeas corpus*

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(a).

[2] 18 Pa.C.S.A. § 907(a).

petitions, and this, his sixth appeal to this Court, Abney again claims he is unlawfully confined because there is no written and signed sentencing order authorizing his incarceration. **See** Petition to Cease Unlawful Imprisonment, 10/5/20, at 1-2; Pa.R.A.P. 1925(b) Statement of Errors Complained of Appeal, 6/23/21, at ¶ 2. On July 9, 2021, the Honorable Glenn B. Bronson denied Abney's petition.

Abney first claims the court erred in treating his petition as one filed pursuant to the PCRA, rather than as a petition for *habeas corpus*. In **Joseph v. Glunt**, 96 A.3d 365, 368 (Pa. Super. 2014), this Court stated that a claim challenging the legality of a defendant's commitment and detention "due to the inability of the [Department of Corrections] to produce a written sentencing order related to [his] judgment of sentence constitutes a claim legitimately sounding in *habeas corpus*." **Id.** at 368. **See also Brown v. Penna. Dept. of Corr.**, 81 A.3d 814, 815 (Pa. 2013) (per curiam) (*citing* **Commonwealth ex rel. Bryant v. Hendrick**, 280 A.2d 110, 112 (Pa. 1971). Notwithstanding the validity of this claim, Abney raised the same issue in two prior *habeas corpus* petitions, the most recent one filed on February 22, 2017. On appeal to this Court following denial of that petition, we stated:

> To the extent [Abney] contends that he is being confined without a written sentencing order, we agree with the trial court that this issue could be cognizable under the *habeas corpus* statute but was previously litigated and frivolous. **See Abney**, 80 EDA 2016 at 3-4; **see also Commonwealth v. Isabell**, 467 A.2d 1287, 1292 (Pa. 1983) (construing written sentence endorsed on bill of information); **Commonwealth v. Williams**, 636 A.2d 183, 184 n.2 (Pa. Super. 1993) (en banc) (relying on written endorsement

of sentence on back of information that was dated the same day of the sentencing hearing).

*Commonwealth v. Abney*, 1407 EDA 2017, at *5 (Pa. Super. filed March 13, 2018) (unpublished memorandum decision). The Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Abney*, 197 A.3d 712 (Pa. 2018) (Table).[3]

_____

[3] In a prior opinion, in 2015, Judge Bronson explained:

Trial courts have the inherent authority to correct patent errors in orders and judgments even after the expiration of the statutory 30[-]day time limit for modification of orders set forth in 42 Pa.C.S.A. § 5505. *See, e.g.*, *Commonwealth v. Holmes*, 933 A.2d 57, 64–67 (Pa. 2007). Here, however, there are no apparent errors in the sentencing orders in [Abney's] case. As was then the standard procedure, the sentencing orders were handwritten on the original Bills of Information filed in this matter, copies of which are attached to this Opinion as Exhibit A.

There are no clerical errors on the orders. Judge Stout clearly and succinctly detailed the sentence imposed, correctly dated the orders, and signed them. Further, the [c]ourt's sentencing order was correctly recorded on a Form DC-300B, which was signed by the court clerk. The Form DC-300B is attached to this Opinion as Exhibit B.

[Abney] was sentenced on September 9, 1996, long before the adoption and use of the Commonwealth of Pennsylvania Case Management System ("CPCMS"). The "order" that [Abney] attached to his motion, while apparently generated by CPCMS, does contain numerous errors.[] It is not, however, the sentencing order actually entered by the [c]ourt, but an incorrect report of the sentence, printed decades after [Abney] was sentenced. As there are no clerical errors in [Abney's] actual sentencing orders, the Court properly denied [Abney's] motion. No relief is due.

Trial Court Opinion, 12/31/2015, at 3 (footnote omitted).

Abney's claim would not have entitled him to *habeas corpus* review because it was finally litigated and, more importantly, would not have entitled him to relief because the record contains the trial court's September 9, 1996 sentencing order.[4]

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: 2/3/2022

---

[4] Regardless of whether the claim is reviewed under the *habeas corpus* statute or the PCRA statute, the court properly dismissed it. **See** 42 Pa.C.S.A. § 9543(a)(2)-(3). Abney's judgment of sentence became final once this Court affirmed the judgment of sentence on October 17, 1997, and the period for filing a direct appeal to the Supreme Court of Pennsylvania expired on November 17, 1997. **Commonwealth v. Abney**, 990 A.2d 34 (Pa. Super. 2009) (unpublished memorandum decision), *appeal denied*, 998 A.2d 958 (Pa. Super. 2010). **See** 42 Pa.C.S.A. § 9545(b)(3). Thus, in order to comply with the time requirements of the PCRA, any and all PCRA petitions had to be filed by November 17, 1998. **See** 42 Pa.C.S.A. § 9545(b)(1). The instant petition, filed on October 5, 2020, is almost twenty-two years late, and no exception has been pled or proven. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). **Cf. Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa. Super. 2001) (writ of *habeas corpus* not available outside framework of PCRA, where merits of PCRA petition cannot be considered due to, for example, previous litigation).